Zachary J. Alinder (*Pro Hac Vice Pending*)
Email: zalinder@sideman.com
Rebecca K. Felsenthal (NY Bar No. 5102843)
Email: rfelsenthal@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:      (415) 392-0827

*Attorneys Specially Appearing for Defendant*
*SHOPIFY (USA) INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, *pro se*,<br><br>       Plaintiff,<br><br>   v.<br><br>ZAZZLE, INC., et al.<br><br>       Defendants. | Case No. 17-CV-8493 (LAP)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SHOPIFY (USA) INC.'S MOTION TO DISMISS** |

## TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ..................................................................................1

II.  FACTUAL BACKGROUND.................................................................................2

    A.  Shopify (USA) Inc. .................................................................................2

    B.  Plaintiff's Business, Including His Shopify Store ..................................4

III.  12(B) MOTION TO DISMISS STANDARD ......................................................6

IV.  THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY USA................7

    A.  There Is No General Personal Jurisdiction Over Shopify USA..............................7

    B.  There Is No Specific Personal Jurisdiction Here Either ..........................................9

        1.  There Is No Personal Jurisdiction Under CPLR § 302(a)(1)......................9

        2.  There Is No Personal Jurisdiction Under CPLR § 302(a)(2)....................11

        3.  There Is No Personal Jurisdiction Under CPLR § 302(a)(3)....................11

        4.  There Is No Personal Jurisdiction Under CPLR § 302(a)(4)....................12

V.  THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE DUE TO THE PARTIES' AGREED FORUM SELECTION CLAUSE ..........12

    A.  The Forum Selection Clause Was Reasonably Communicated to Plaintiff ..........13

    B.  The Language of the Forum Selection Clause is Mandatory................................13

    C.  To The Extent Plaintiff Has Any Claims Against Shopify USA, They Would Be Subject To The Forum Selection Clause .............................................14

    D.  Non-Signatory Shopify USA Is Entitled To Enforce the Forum Selection Clause.................................................................................................................15

VI.  IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE TAC FOR FAILURE TO STATE A CLAIM FOR RELIEF............................................................15

    A.  Plaintiff Fails to State A Claim for Trademark Infringement................................15

        1.  The Federal Trademark Claim Fails ........................................................15

        2.  *Tiffany v. eBay* Bars Such Claims In Any Event .......................................16

3.      Plaintiff Cannot Show Use In Commerce................................................17

B.      Plaintiff Cannot State A Claim For Unjust Enrichment .........................................18

VII.     THE TAC FAILS TO COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8.......................................................................................19

VIII.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND .......................................19

IX.     CONCLUSION...............................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
  414 F.3d 400 (2d Cir. 2005)................................................................19, 21

*Aluminal Indus., Inc. v. Newtown Commercial Assocs.*,
  89 F.R.D. 326 (S.D.N.Y. 1980) ..................................................................15

*Am. Med. Ass'n v. United Healthcare Corp.*,
  No. 00 CIV. 2800 (LMM), 2007 WL 683974 (S.D.N.Y. Mar. 5, 2007) .................................22

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................11

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  171 F.3d 779 (2d Cir. 1999).........................................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................11

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016).........................................................................11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...................................................................................11

*Chavis v. Chappius*,
  618 F.3d 162 (2d Cir. 2010)....................................................................23, 24

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000)...........................................................................23

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014)..................................................................................12

*DiMuro v. Clinique Labs., LLC*,
  572 Fed. App'x 27 (2d Cir. 2014)...................................................................23

*Foman v. Davis*,
  371 U.S. 178 (1962)...................................................................................23

*Georgia Malone & Co. v. Rieder*,
  19 N.Y.3d 511, 973 N.E.2d 743 (2012)...........................................................22

*Gmurzynska v. Hutton*,
  257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd* 355 F.3d 206 (2d Cir. 2004) .............................19

*Goldman v. Metro. Life Ins. Co.*,
  5 N.Y.3d 561, 807 N.Y.S.2d 583, 841 N.E.2d 742 (2005).....................................................22

*Grullon v. City of New Haven*,
  720 F.3d 133 (2d Cir. 2013).....................................................................................................23

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
  12 N.Y.3d 132, 879 N.Y.S.2d 355, 907 N.E.2d 268 (2009)...................................................22

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..................................................................................................................11

*Jazini v. Nissan Motor Co. Ltd.*,
  148 F.3d 181 (2d Cir. 1998)......................................................................................................10

*KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*,
  812 F. Supp. 2d 377 (S.D.N.Y. 2011)......................................................................................19

*LaMarca v. Pak-Mor Mfg. Co.*,
  95 N.Y.2d 210, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000)....................................................15

*Laporte v. Fisher*,
  No. 11 CIV. 9458 (PKC) (HBP), 2012 WL 5278543 (S.D.N.Y. Oct. 24, 2012) ......................8

*LaRoss Partners, LLC v. Contact 911 Inc.*,
  874 F. Supp. 2d 147 (E.D.N.Y. 2012) ......................................................................................22

*Licci v. Lebanese Canadian Bank*,
  673 F.3d 50 (2d Cir. 2012)........................................................................................................13

*Lopez v. Aeropostale, Inc.*,
  1:11-cv-04166 ............................................................................................................................20

*Lopez v. Shopify Inc. and Shopify (USA) Inc.*,
  1:16-cv-09761, 2017 WL 2229868 (S.D.N.Y. May 23, 2017), report and
  recommendation adopted at 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018)...............5, 6, 7, 8, 10

*Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*,
  No. 14CV10304VECFM, 2016 WL 1317700 (S.D.N.Y. Apr. 1, 2016) ..................................23

*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
  714 F.3d 714 (2d Cir. 2013).................................................................................................18, 19

*Oorah, Inc. v. Schick*,
  552 Fed. App'x 20 (2d Cir. 2014)..............................................................................................22

*Person v. Google Inc.*,
    456 F. Supp. 2d 488 (S.D.N.Y. 2006)..................................................................10

*Phillips v. Audio Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007).................................................................10, 16, 17

*Pokemon Co. Int'l, Inc. v. Shopify Inc.*,
    No. 16-MC-80272-KAW, 2017 WL 697520 (N.D. Cal. Feb. 22, 2017)..................7

*Rosendale v. Brusie*,
    374 Fed. App'x 195 (2d Cir. 2010) .......................................................................22

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988).....................................................................................22

*Samuels v. Air Transp. Local 504*,
    992 F.2d 12 (2d Cir. 1993).......................................................................................8

*SCM Grp., Inc. v. McKinsey & Co.*,
    No. 10 CIV. 2414 PGG, 2011 WL 1197523 (S.D.N.Y. Mar. 28, 2011) ................22

*Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006)...................................................................................15

*Sonera Holding B. V. v. Cukurova Holding A. S.*,
    750 F.3d 221 (2d Cir. 2014)...................................................................................12

*Takamiya v. DNP Am., LLC*,
    No. 14-CV-10301 (VEC), 2016 WL 4030861 (S.D.N.Y. Jul. 25, 2016),
    *appeal dismissed sub nom. TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7,
    2016) .........................................................................................................................8

*TechnoMarine SA v. Jacob Time, Inc.*,
    No. 12 CIV. 0790 KBF, 2012 WL 2497276 (S.D.N.Y. Jun. 22, 2012)..................21

*Tiffany (NJ) Inc. v. eBay, Inc.*,
    576 F. Supp. 2d 463 (S.D.N.Y. 2008), *aff'd in part, rev'd in part*, 600 F.3d 93
    (2d Cir. 2010)
    ..........................................................................................................5, 6, 20, 24

*TradeComet.com LLC v. Google, Inc.*,
    435 Fed. App'x 31 (2d Cir. 2011).........................................................................16

*TradeComet.com LLC v. Google, Inc.*,
    647 F.3d 472 (2d Cir. 2011)............................................................................10, 16

*TradeComet.com LLC v. Google, Inc.*,
    693 F. Supp. 2d 370 (S.D.N.Y. 2010)..............................................................16, 17

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013)..................................................................15

**Statutes**

15 U.S.C. § 1127...........................................................................................21

Lanham Act, 15 U.S.C. § 1051 et seq........................................19, 20, 21

CPLR § 301..............................................................................................11, 12

CPLR § 302.........................................................................................11, 13, 14

CPLR § 302(a)(1) ....................................................................................13, 14

CPLR § 302(a)(2) ....................................................................................14, 15

CPLR § 302(a)(3) ............................................................................................15

CPLR § 302(a)(4) ....................................................................................15, 16

**Other Authorities**

Federal Rule of Civil Procedure 8 ................................................. *passim*

Federal Rule of Civil Procedure 12(b)........................................................4, 16

Federal Rule of Civil Procedure 12(b)(2) ........................................5, 10, 16

Federal Rule of Civil Procedure 12(b)(3) ........................................6, 10, 16

Federal Rule of Civil Procedure 12(b)(6) ..............................................6, 10

Defendant Shopify (USA) Inc. ("Shopify USA"), specially appearing through its undersigned counsel, respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss the Third Amended Complaint ("Complaint" or "TAC") filed by Plaintiff Robert G. Lopez, *pro se* ("Plaintiff" or "Mr. Lopez"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## I.   PRELIMINARY STATEMENT

Plaintiff Robert G. Lopez is a serial IP plaintiff who has filed dozens of nuisance lawsuits in this District, as part of a broader "paper game" designed to increase "hype" and "buzz" for his business, including one recently dismissed lawsuit against Shopify USA. Despite that full jurisdictional dismissal with prejudice by another Court in this District, Plaintiff has yet again attempted to drag Shopify USA into a lawsuit without any legal or factual basis. Like Plaintiff's prior lawsuits, this one utterly lacks merit as to Shopify USA. Shopify USA is a wholly owned subsidiary of the ecommerce platform Shopify Inc., and helps merchants market their goods and services. While Plaintiff's TAC does not satisfy Rule 8 as to Shopify USA, from what is pled, it appears that Mr. Lopez has sued Shopify USA – a subsidiary of Shopify Inc., the ecommerce platform that he himself uses – for allegedly infringing his "Lower East Side" and "LES NYC" copyrights and trademarks, because a merchant using the Shopify Inc. platform was allegedly selling goods that infringed those marks and copyrights.[1] While here, Mr. Lopez has not even sued the ecommerce platform itself, even if he had, such lawsuits cannot proceed against an online service provider like Shopify based on binding Second Circuit precedent following *Tiffany v. eBay*. As such, the Court should dismiss the TAC in its entirety and with prejudice for at least four distinct reasons.

**First,** pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over Shopify USA. As Plaintiff alleges, Shopify USA is a Delaware corporation with its principal place of business

---

[1] Plaintiff's TAC identifies non-party www.zeeshirtcollection.com as being this merchant. TAC ¶¶ 137, 140, 141, Ex. P. However, it appears that Plaintiff has not named www.zeeshirtcollection.com as a defendant in this or any other action. *See id.*

in San Francisco, California. Plaintiff has not alleged, and Shopify USA does not have, the type of substantial, continuous, or systematic contacts with New York to subject it to general jurisdiction here. Nor does the dispute here arise out of any forum-related activities by Shopify USA. As Mr. Lopez knows from his prior lawsuit, this jurisdictional bar requires dismissal with prejudice. *See Lopez v. Shopify Inc. and Shopify (USA) Inc.*, 1:16-cv-09761 (VEC) (AJP), 2017 WL 2229868 (S.D.N.Y. May 23, 2017) (report and recommendations dismissing claims with prejudice), report and recommendations adopted at 2018 WL 481891 (S.D.N.Y. January 17, 2018).

*Second*, pursuant to Rule 12(b)(3), in the alternative, the Court should dismiss the TAC for improper venue due to a mandatory forum selection clause in favor of Canada in the Shopify Inc. Terms of Service ("TOS"). Mr. Lopez is a Shopify merchant and the claims raised in his Complaint fall under the mandatory forum selection clause in favor of Ontario, Canada.

*Third*, pursuant to Rule 12(b)(6), the TAC also fails to state any claim for which relief can be granted. In addition to directly violating the holding of *Tiffany v. eBay* and a host of cases since, Plaintiff's asserted claims for trademark infringement, unfair competition, and unjust enrichment all fail as a matter of law.

*Fourth,* the allegations as to Shopify USA do not even meet the basic pleading requirements of Rule 8, even taking into consideration the leeway afforded to *pro se* plaintiffs like Mr. Lopez. The Court should dismiss the TAC on this basis as well.

Accordingly, Shopify USA respectfully requests that the Court dismiss the TAC in its entirety and with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Shopify (USA) Inc.

Plaintiff does not allege how Shopify USA could possibly be involved in this action in

any way. *See generally* TAC. It isn't. Shopify USA is the wholly-owned U.S. subsidiary of Shopify Inc. Zipes Decl., ¶ 4. Shopify Inc. is a leading cloud-based, multi-channel commerce platform designed for small and medium-sized businesses. Zipes Decl., ¶ 2. Merchants, including Plaintiff, use the Shopify Inc. software to design, set up, and manage their stores across multiple sales channels, including web, mobile, social media, marketplaces, brick and mortar locations, and pop-up shops. *Id.* While merchants around the world leverage Shopify Inc.'s software and services, Shopify Inc. is located in Canada. *Id.*, ¶ 3. Specifically, Shopify Inc. is a Canadian corporation with its principal place of business in Ottawa, Ontario.  Zipes Decl., ¶ 3. Although the allegations of the TAC appear to relate to a merchant, called www.zeeshirtcollection.com, Shopify Inc. is not named as a defendant in the TAC, nor is this merchant.

Shopify USA, the entity named as a defendant in the TAC, is a Delaware corporation and maintains its principal place of business in San Francisco, California. *Id.* Shopify USA and Shopify Inc. are separate and distinct entities. *Id.*, ¶ 4; *see also Pokemon Co. Int'l, Inc. v. Shopify Inc.*, No. 16-MC-80272-KAW, 2017 WL 697520, at *4 (N.D. Cal. Feb. 22, 2017) (holding that Shopify Inc. and Shopify (USA) Inc. are separate entities). Though Plaintiff appears to conflate the two entities in the TAC, Shopify USA does not provide an ecommerce platform to small businesses. In fact, most Shopify USA employees do not even do work related to Shopify Inc.'s core ecommerce business, but instead provide marketing and fulfillment services to help Shopify Inc. merchants run their businesses. Zipes Decl., ¶¶ 4-5. Shopify USA is not registered with the Secretary of State in New York to do business and does not maintain an office in New York. *Id.*, ¶ 4. The majority of Shopify USA's 72 employees are based in California; only eight employees work remotely in New York. *Id.*

Plaintiff is well-aware of the differences between defendant Shopify USA and nonparty Shopify Inc., as well as the lack of personal jurisdiction over either entity, as another court in this

District recently dismissed a nearly-identical lawsuit brought by Plaintiff against both Shopify

entities with prejudice. *See Lopez v. Shopify Inc. and Shopify (USA) Inc.*, 1:16-cv-09761 (VEC)

(AJP), 2017 WL 2229868 (S.D.N.Y. May 23, 2017) (report and recommendations dismissing

claims with prejudice), report and recommendations adopted at 2018 WL 481891 (S.D.N.Y.

January 17, 2018).

### B.  Plaintiff's Business, Including His Shopify Store

Plaintiff alleges that he has operated a business with the trade name L.E.S. Clothing Co.

since 1999. TAC ¶ 39. Since that time, Plaintiff alleges that he has been selling headwear, t-

shirts, and other items bearing "Lowest East Side" and "LES NYC" trademarks through his

L.E.S. Clothing Co. company. *Id*. Plaintiff alleges that he owns a New York State Trademark

Registration (No. R31067) for the "Lower East Side" trademark. *Id.* ¶ 55, Ex. A. Plaintiff also

alleges that he owns a Federal Trademark Registration (No. 4,549,880) for the stylized "LES

NYC" trademark. *Id.* ¶ 56. Plaintiff claims that he promotes and sells caps, t-shirts, and other

clothing items bearing his "Lower East Side" mark  through multiple outlets, including his

website www.lesclothing.com. TAC ¶ 42. The website www.lesclothing.com uses the Shopify

Inc. ecommerce platform. Zipes Decl., ¶ 6, Ex. B.[2]

As a Shopify Inc. merchant client, Plaintiff consented to the Shopify Inc. TOS. *See id*.

The Shopify Inc. TOS state, in relevant part:

- The Terms of Service shall be governed by and interpreted in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein, without regard to principles of conflicts of laws. The parties irrevocably and

---

[2] A court may consider extrinsic materials that the plaintiff knew of or possessed and relied upon in framing the complaint. *Takamiya v. DNP Am., LLC*, No. 14-CV-10301 (VEC), 2016 WL 4030861, at *2 (S.D.N.Y. Jul. 25, 2016), *appeal dismissed sub nom. TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7, 2016); *accord Laporte v. Fisher*, No. 11 CIV. 9458 (PKC) (HBP), 2012 WL 5278543, at *2 (S.D.N.Y. Oct. 24, 2012), citing *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). As Plaintiff's website www.lesclothing.com is run on the Shopify Inc. platform, Plaintiff necessarily consented to and thus knew of the Shopify TOS.

unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service. The United Nations Convention on Contracts for the International Sale of Goods will not apply to these Terms of Service and is hereby expressly excluded. Zipes Decl., Ex. A, Section 3(2).

- You acknowledge and agree that Shopify may amend these Terms of Service at any time by posting the relevant amended and restated Terms of Service on Shopify's website, available at https://www.shopify.com/legal/terms and such amendments to the Terms of Service are effective as of the date of posting. Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service. If you do not agree to any changes to the Terms of Service, do not continue to use the Service. *Id.*, Section 3(3).

- We may, but have no obligation to, remove Store Content and Accounts containing content that we determine in our sole discretion are unlawful, offensive, threatening, libelous, defamatory, pornographic, obscene or otherwise objectionable or violates any party's intellectual property or these Terms of Service. *Id.*, Section 4(3).

- Shopify does not pre-screen Product Search Content and we may refuse or remove any Product Search Content on the Product Search Site at any time and in our sole discretion. We may, but have no obligation to, review and remove Product Search Content containing content that we determine in our sole discretion is unlawful, offensive, threatening, libelous, defamatory, counterfeit, pornographic, obscene or otherwise objectionable or in violation of any intellectual property rights or the Terms of Service. *Id.*, Section 12(2).

- Shopify supports the protection of intellectual property and asks Shopify merchants to do the same. It's our policy to respond to all notices of alleged copyright infringement. If someone believes that one of our merchants is infringing their intellectual property rights, they can send a DMCA Notice to Shopify's designated agent using our form. Upon receiving a DMCA Notice, we may remove or disable access to the material claimed to be a copyright infringement. Once provided with a notice of takedown, the merchant can reply with a counter notification using our form if they object to the complaint. The original complainant has 14 business days after we receive a counter notification to seek a court order restraining the merchant from engaging in the infringing activity, otherwise we restore the material. For more information, see our DMCA Notice and Takedown Procedure. *Id.*, Section 17.

Plaintiff alleges that a merchant client of Shopify Inc. offers for sale clothing promoted under Plaintiff's Lower East Side and LES NYC trademarks. TAC ¶¶ 137-141. Plaintiff claims that he provided Shopify USA with "an Infringement Notice but it failed to act expeditiously in

removing the infringing content as requested by Plaintiff." *Id.* ¶ 138.

Here, Plaintiff actually sent his initial claimed notice of infringement to Shopify Inc. on December 27, 2017. *See* Zipes Decl., Exs. C-D. The following day, on December 28, 2017, Shopify Inc. notified him that the infringing content listed in the Notice of Infringement was removed. *Id.*, Ex. D. However, Plaintiff had already filed his First Amended Complaint in this Action on December 27, 2017. *See* ECF No. 39.

Plaintiff's business appears to primarily be filing such lawsuits. Since 2010, Mr. Lopez has filed more than 30 nuisance lawsuits against a variety of internet entities, including Google, Instagram, and Tumblr. *See also* Declaration of Rebecca K. Felsenthal in Support of Motion to Dismiss ("Felsenthal Decl."), ¶ 4 (identifying the full list of case citations identified thus far). Shopify USA is not aware of any favorable judgment obtained in any of these cases. Indeed, as discussed above, in *Lopez v. Shopify Inc. and Shopify (USA) Inc.*, 1:16-cv-09761 (VEC) (AJP), the Court dismissed Plaintiff's claims, holding that it lacked personal jurisdiction over both Shopify Inc. and Shopify USA. *See* 2017 WL 2229868 (S.D.N.Y. May 23, 2017), report and recommendations adopted at 2018 WL 481891 (S.D.N.Y. January 17, 2018). The court also denied leave to amend. *Id.* Just as in that dispute, Plaintiff does not, and cannot, establish that the Court has personal jurisdiction over Shopify USA here.

## III.   12(B) MOTION TO DISMISS STANDARD

**Rule 12(b)(2).** "When responding to a Rule 12(b)(2) motion to dismiss . . . the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

**Rule 12(b)(3).** Likewise, "[u]pon a motion to dismiss under Rule 12(b)(3) the Plaintiff has the burden of pleading venue." *Person v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). Courts in this Circuit dismiss complaints for improper venue where a valid forum selection clause exists, like here. *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011), citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).

**Rule 12(b)(6)**. Finally, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, quoting Fed. R. Civ. Proc. 8(a)(2).

## IV.    THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY USA

As a preliminary matter, Plaintiff does not – and cannot – plead facts sufficient for the Court to exercise personal jurisdiction over Shopify USA.[3]

### A.    There Is No General Personal Jurisdiction Over Shopify USA

To determine general personal jurisdiction over individual defendants, a court first looks to the law of the state in which the district court sits. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Thus, here the Court must look to New York's personal jurisdiction statutes to determine whether Plaintiff has demonstrated personal jurisdiction over Shopify USA.

---

[3] Plaintiff has raised no allegations that either Shopify USA nor non-party www.zeeshirtcollection.com are incorporated in New York, do business in New York, or have otherwise engaged in any substantial activities in New York. Plaintiff's only allegations are that some of Shopify Inc.'s customers do business in New York. TAC ¶¶ 143-145. Thus, it appears that Plaintiff asserts jurisdiction is proper in New York solely based on *his* presence there.

*See* N.Y. CPLR § 301, CPLR § 302. If jurisdiction is found, then the Court must determine whether the exercise of such jurisdiction under New York law satisfies the federal due process requirements of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985), quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

CPLR § 301 provides that a New York court "may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." New York courts have interpreted Section 301 to exercise jurisdiction over an out-of-state corporation that "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its presence in New York is warranted." *Sonera Holding B. V. v. Cukurova Holding A. S.*, 750 F.3d 221, 224 (2d Cir. 2014).

However, the broad language of the CPLR was subsequently limited by the Supreme Court's holding in *Daimler AG v. Bauman*, 134 S. Ct. 746, 748-49 (2014). Post-*Daimler*, it is no longer enough for a non-domiciliary corporation to engage in any "continuous and systematic" activities within the forum state to establish general personal jurisdiction; "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762, n. 20. The "paradigm bases" for determining whether a corporation is at home in the forum state are "the place of incorporation and principal place of business." *Id.* at 760. General personal jurisdiction may also arise in the "*exceptional case*" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n. 19 (emphasis added).

Here, these paradigm bases for general jurisdiction are not remotely satisfied. Plaintiff acknowledges that Shopify USA is incorporated in Delaware and has a place of business in San Francisco, California. TAC ¶ 18. And the actual facts are that Shopify USA is not registered to do business in New York and does not maintain an office in New York. Zipes Decl., ¶ 4. Indeed, the vast majority of Shopify USA's employees are based in California. *Id*. Only eight of Shopify USA's 72 employees are located in New York, and those employees work remotely as Shopify

USA does not maintain offices in New York. *Id.* This further establishes that this is also not an

"exceptional case" in which general personal jurisdiction may be exercised over Shopify USA

based on substantial operations in New York. Thus, Plaintiff does not, and cannot possibly in

good faith, allege any grounds for this Court to exercise general personal jurisdiction over

Shopify USA, as none exists.

**B.     There Is No Specific Personal Jurisdiction Here Either**

New York has codified the requirements for specific personal jurisdiction at CPLR § 302.

As applied here, Section 302 allows personal jurisdiction to lie only if Plaintiff's TAC asserts

claims that are related to the following acts by Shopify USA within New York state:

> 1. transact[ion of] any business within [New York State] or contracts anywhere to supply goods or services in the state; or
> 2. [commission of] a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. [commission of] a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. own[ership], use[] or possess[ion of] any real property situated within the state.

CPLR § 302(a)(1)-(4). Plaintiff does not, and cannot, allege facts sufficient to establish any of

these grounds for specific personal jurisdiction over Shopify USA.

**1.     There Is No Personal Jurisdiction Under CPLR § 302(a)(1)**

Under Section 302(a)(1), "a court must decide (1) whether the defendant 'transacts any

business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business

transaction." *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir. 2012). "A suit will be

deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a

substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* at 66. There are no such allegations in the TAC.

Instead, Plaintiff concludes (without any factual support) that "[t]his Court has personal jurisdiction over the Defendants because Defendants engage in continuous business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous [*sic*] acts aimed at and causing harm within the State of New York and this judicial district." TAC ¶ 3. Plaintiff also asserts that "Upon information and belief, Defendant Shopify has over 200 account users on its online platform that both reside and conduct their business activities in New York County and New York City." *Id.* ¶ 144. These assertions merely recite the elements of Section 302, but fail to meet the minimal requirements of Section 302(a)(1). Though he has alleged that some of non-party Shopify Inc.'s customers conduct business in New York, Plaintiff does not specify which, if any, of **Defendant** Shopify USA's purported business activities occur in New York. In short, Plaintiff does not, and cannot, identify any articulable nexus between any purported activities by Shopify USA in New York and the causes of action identified in the TAC.

The reason Plaintiff has failed to allege any nexus is because there is none. Instead, Plaintiff's lawsuit concerns his allegations that non-party www.zeeshirtcollection.com was selling allegedly infringing goods using the ecommerce platform provided by non-party Shopify Inc.. The only connection with New York is that Plaintiff happens to be located here.[4] Accordingly, there is no chance that Plaintiff can meet his burden of pleading specific personal jurisdiction under Section 302(a)(1).

---

[4] Indeed, to the extent that Plaintiff's claims relate at all to New York because his business hosted on the Shopify Inc. platform is located there, that only further confirms, as set forth below, that the mandatory forum selection in the Shopify TOS requires dismissal in favor of Canada.

2.        **There Is No Personal Jurisdiction Under CPLR § 302(a)(2)**

Under Section 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). Plaintiff does not identify any specific tortious acts committed by Shopify USA, and does not explain how its claims arise from any of Shopify USA's conduct. In fact, Plaintiff has not identified any specific tortious acts that occurred within New York, either by Shopify USA or non-party www.zeeshirtcollection.com. Thus, Section 302(a)(2) also provides no help to Plaintiff.

3.        **There Is No Personal Jurisdiction Under CPLR § 302(a)(3)**

To establish jurisdiction under § 302(a)(3), a plaintiff must show that: (1) the defendant committed a tortious act outside New York; (2) the claim arose from that tortious act; and (3) the act caused injury to a person or property within New York. *See Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006), citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000). To establish personal jurisdiction, an intellectual property owner is "obligat[ed], in each case, to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property rights . . ." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013). Plaintiff does not identify any specific tortious acts committed by Shopify USA, does not explain how its claims arise from any of Shopify USA's conduct, and does not allege that Shopify USA has caused injury to any person or property within New York. Again, Plaintiff cannot possibly allege such facts here against a San Francisco-based entity. As such, Plaintiff does not, and cannot, plead personal jurisdiction under Section 302(a)(3).

4.      **There Is No Personal Jurisdiction Under CPLR § 302(a)(4)**

"CPLR § 302(a)(4) is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." *Aluminal Indus., Inc. v. Newtown Commercial Assocs.*, 89 F.R.D. 326, 329 (S.D.N.Y. 1980). The TAC fails to identify any real property with any connection to Shopify USA. Plaintiff has not alleged (nor can he) that his claims arise from Shopify USA's ownership, use, or possession of any real property in New York. In fact, Shopify USA maintains no physical presence in New York. Zipes Decl., ¶ 4. As such, Plaintiff cannot possibly allege that personal jurisdiction is proper under CPLR § 302(a)(4).

As set forth above, there is simply no plausible basis to assert general or personal jurisdiction over Shopify USA here. Accordingly, the Court should dismiss the TAC with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(2).

## V.      THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE DUE TO THE PARTIES' AGREED FORUM SELECTION CLAUSE

To the extent that Plaintiff could possibly allege a direct claim against Shopify USA in New York, the Court should still dismiss the TAC on the ground that he agreed to a mandatory forum selection clause in favor of Canada in the Shopify TOS. Under established Second Circuit law, forum selection clauses may be enforced through a Rule 12(b) motion to dismiss. *TradeComet.com*, 647 F.3d at 475, citing *Phillips*, 494 F.3d at 383-84.

In determining whether to dismiss a complaint for improper venue based on a forum selection clause, courts first require the moving party to establish that: (1) the forum selection clause was reasonably communicated to the party resisting enforcement; (2) the forum selection clause was mandatory, rather than permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause. *Phillips*, 494 F.3d at 383. If the defendant satisfies these three requirements, "the forum selection clause is presumptively enforceable," and the

burden shifts to the opposing party to rebut the presumption of enforceability by showing that "enforcement would be unreasonable or unjust, or that the clause is invalid for such reason as fraud or overreaching." *TradeComet.com LLC v. Google, Inc.*, 435 Fed. App'x 31, 33 (2d Cir. 2011). If the opposing party is unable to overcome the presumption of enforceability, the Court must dismiss the Complaint. *See TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 381 (S.D.N.Y. 2010) (granting motion to dismiss under Rule 12(b)(3)).

### A.       The Forum Selection Clause Was Reasonably Communicated to Plaintiff

Plaintiff signed up for Shopify Inc.'s service on August 14, 2014. *See* Zipes Decl., ¶ 6. In doing so, he agreed to the Shopify TOS, as they explicitly state: "By signing up for the Shopify service ("Service") or any of the services of Shopify Inc. ("Shopify") you are agreeing to be bound by the following terms and conditions ("Terms of Service")." *Id.*, Exs. A-B. It further states up front that "You must read, agree with and accept all of the terms and conditions contained in this Terms of Service agreement and Shopify's Privacy Policy before you may become a Shopify user." *Id.*, Ex. A. It also states: "Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service. If you do not agree to any changes to the Terms of Service, do not continue to use the Service." *Id.* at Section 3(3). The TOS contains a clear Forum Selection Clause in favor of "Province of Ontario" in Canada. *Id.*, at Section 3(2).

"District courts in this Circuit have found that clickwrap agreements that require a user to accept the agreement before proceeding are 'reasonably communicated' to the user for purposes of this analysis." *TradeComet.com*, 693 F. Supp. 2d at 377 (citations omitted). That is the case here. Zipes Decl., ¶ 6. As such, there can be no dispute that the Forum Selection clause here was reasonably communicated to Plaintiff.

### B.       The Language of the Forum Selection Clause is Mandatory

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *TradeComet.com*, 693 F.

Supp. 2d at 378, quoting *Phillips,* 494 F.3d at 386. The Forum Selection Clause at issue here is therefore mandatory because it requires that the "parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service." Zipes Decl., Ex. A at Section 3(2).

### C.   To The Extent Plaintiff Has Any Claims Against Shopify USA, They Would Be Subject To The Forum Selection Clause

Here, if Plaintiff has any claims at all, they are against the Shopify merchant which Plaintiff has identified in his Complaint as owning the shop at www.zeeshirtcollection.com, on which the allegedly infringing content was posted. *See* TAC, Ex. P (identifying www.zeeshirtcollection.com). While, as set forth below, there can be no liability against Shopify USA for alleged infringement or other unlawful conduct by a third party, to the extent that Plaintiff believes he has any claim against Shopify USA, such a claim necessarily arises out of or in connection with the merchant services provided pursuant to the Shopify TOS. The TOS covers not only Plaintiff's quasi-contractual claim for unjust enrichment but also the intellectual property on a merchant's page, like Plaintiff. *See* Section II.B. above. For example, the TOS makes it clear that store content and related intellectual property rights are both the merchant's property and its responsibility to ensure "compliance of Store Content with any applicable laws or regulations." Zipes Decl., Ex. A at Section 7(3). Further, the TOS also explicitly incorporates the Shopify DMCA notice and takedown procedure:

> Shopify supports the protection of intellectual property and asks Shopify merchants to do the same. It's our policy to respond to all notices of alleged copyright infringement. If someone believes that one of our merchants is infringing their intellectual property rights, they can send a DMCA Notice to Shopify's designated agent using our form.

*Id.*, at Section 17. Thus, even if Plaintiff has a dispute concerning Shopify's handling of allegedly infringing content by the merchant at the www.zeeshirtcollection.com website (TAC, Ex. P), such a claim also arises in connection with the TOS. In short, to the extent Plaintiff persists in his belief that he has some direct claim against Shopify USA, the Court should

dismiss the Complaint in favor of the Canadian Forum Selection Clause.

### D. Non-Signatory Shopify USA Is Entitled To Enforce the Forum Selection Clause

Furthermore, it is well-established that a non-signatory defendant (like Shopify USA) may still enforce a forum selection clause against a signatory when the non-signatory is closely related to another signatory. *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013). "Closely related" means that "the relationship between the non-signatory and that (latter) signatory must be sufficiently close that the non-signatory's enforcement of the forum selection clause is 'foreseeable' to the signatory against whom the non-signatory wishes to enforce the forum selection clause." *Id.* Non-signatories are "closely related" to signatories where their "interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386 (S.D.N.Y. 2011) (collecting cases). Here, Shopify USA is closely related to Shopify Inc., the signatory to the forum selection clause with Plaintiff. Not only is Shopify USA a subsidiary of Shopify Inc., but as the TAC makes clear, any claims against Shopify USA are completely derivative of, and predicated upon, alleged actions of Shopify Inc.. Moreover, Shopify USA's enforcement of the forum selection clause is foreseeable; Plaintiff actually uses the Complaint itself to weakly argue that the forum selection clause with Shopify Inc. does not apply to this Action. TAC ¶ 139.

In short, the Court should also dismiss the TAC for improper venue, in favor of the agreed Canadian Forum Selection Clause.

## VI. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THE TAC FOR FAILURE TO STATE A CLAIM FOR RELIEF

In addition, Plaintiff also cannot plausibly allege facts sufficient to state any claim for relief against Shopify USA.

### A. Plaintiff Fails to State A Claim for Trademark Infringement

#### 1. The Federal Trademark Claim Fails

To prevail on a Lanham Act trademark infringement claim, a plaintiff must establish that

(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) "in connection with the sale . . . or advertising of goods or services," 15 U.S.C. § 1114(1)(a), (5) without the plaintiff's consent. *1-800 Contacts, Inc. v. WhenU.Com, Inc.,* 414 F.3d 400, 406-07 (2d Cir. 2005). Where the plaintiff "fails to allege a fundamental element of a Lanham Act claim," the Court should dismiss it. *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 630 n. 11 (S.D.N.Y. 2003), *aff'd* 355 F.3d 206 (2d Cir. 2004).

First, Plaintiff cannot assert a claim for federal trademark infringement under the Lanham Act because he does not have "a valid mark that is entitled to protection under the Lanham Act." Plaintiff alleges that nonparty www.zeeshirtcollection.com is selling t-shirts bearing his "Lower East Side" and "LES NYC" marks through nonparty Shopify Inc.'s platform. However, Plaintiff has not registered "Lower East Side" within the United States Patent & Trademark Office. *See* 15 U.S.C. § 1114(1)(a). Only the registrant of a federal trademark may bring a claim for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114 ("Any person who shall, without the consent of the *registrant* . . . shall be liable in a civil action by the *registrant* for the remedies hereinafter provided.") (emphasis added).

Plaintiff is well-aware that only the registrant of a *federal* trademark registration may bring a civil action for trademark infringement under Section 32(1) of the Lanham Act. In *Lopez v. Aeropostale, Inc.*, 1:11-cv-04166, he admitted that his claim under 15 U.S.C. § 1114 could not withstand a motion to dismiss due to his lack of federal registration. *See* Felsenthal Decl., Ex. B (Plaintiff's Answer to Aeropostale Motion to Dismiss) at p. 5. So it should be here.

## 2.   *Tiffany v. eBay* Bars Such Claims In Any Event

Plaintiff's infringement claims also cannot avoid the elephant in the room – infringement claims, like these, against ecommerce platforms have been soundly rejected by courts in the Second Circuit. *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 501 (S.D.N.Y. 2008), *aff'd in part, rev'd in part*, 600 F.3d 93 (2d Cir. 2010). There, the district court noted that even though eBay knew that counterfeit Tiffany products were offered through its website, such knowledge was not a basis for a claim of direct trademark infringement against eBay. *Id.* at 518. This was

especially true since eBay never took physical possession of goods sold through its platform, and it took affirmative steps to identify and remove illegitimate goods sold on its marketplace. *Id.* at 475-76. Likewise, Plaintiff has (erroneously) alleged here that Shopify USA provides hosting services for its merchant clients. TAC ¶ 137. Shopify USA does not manage, monitor, or control nonparty www.zeeshirtcollection.com's website. Even if Shopify USA did provide those services as an ecommerce platform (which it does not), Plaintiff has alleged that Shopify USA is no different than eBay, and for the same reasons, courts in the Second Circuit do not allow Plaintiff to bring such infringement claims against the platform itself, rather than the underlying merchant.

> 3.      **Plaintiff Cannot Show Use In Commerce**

In addition, Plaintiff's causes of action for federal trademark infringement (First Cause of Action), federal unfair competition and false designation of origin (Second Cause of Action), and common law trademark infringement and unfair competition (Third Cause of Action) all fail to state a claim because Plaintiff does not, and cannot, allege "use in commerce." *1–800 Contacts*, 414 F.3d at 407. "The standard for trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith." *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *5 (S.D.N.Y. Jun. 22, 2012). The bad faith element is missing from his allegations, as is the use in commerce element.

A mark is "deemed to be in use in commerce" when "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and the goods are transported or sold in commerce. 15 U.S.C. § 1127. Plaintiff vaguely and incorrectly alleges that Shopify USA "is providing hosting services and an online store to purchase t-shirts, hoodies and other merchandise and are marketing, promoting, selling and offering for sale via its account holders website www.zeeshirtcollection.com clothing items promoted under Plaintiff's LOWER EAST SIDE and

LES NYC trademarks." TAC ¶ 137. Plaintiff further alleges that Shopify USA "has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks on the www.zeeshirtcollection.com website." *Id.* ¶ 136. These conclusory allegations are not sufficient. Nowhere does the TAC allege that Shopify USA transports or sells any products itself. Plaintiff merely alleges that Shopify USA provides merchant and ecommerce services to third parties. Plaintiff knows this well, as he acknowledges that his online shop is also hosted on the Shopify Inc. platform. *Id.* ¶ 139.

### B.    Plaintiff Cannot State A Claim For Unjust Enrichment

Plaintiff's claim for unjust enrichment under New York common law also fails. "Unjust enrichment is a quasi-contractual claim; it exists only *in the absence of a valid contract*." *Oorah, Inc. v. Schick*, 552 Fed. App'x 20, 23 (2d Cir. 2014), citing *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (2005) (emphasis supplied). The New York Court of Appeals has "stated on several occasions, the theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, *in the absence of an actual agreement between the parties*." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 973 N.E.2d 743, 746 (2012), citing *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 907 N.E.2d 268 (2009) (quotations omitted) (emphasis added). Quasi-contract claims such as unjust enrichment are precluded even when asserted against non-signatories to the contract. *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 165 (E.D.N.Y. 2012); *SCM Grp., Inc. v. McKinsey & Co.*, No. 10 CIV. 2414 PGG, 2011 WL 1197523, at *7 (S.D.N.Y. Mar. 28, 2011); *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 CIV. 2800 (LMM), 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007) (collecting cases). Here, Plaintiff has expressly agreed to Shopify Inc.'s TOS. *See* Zipes Decl., ¶ 6. Those terms of service directly address the subject matter here, including but not limited to Plaintiff's intellectual property and any DMCA takedown request. Thus, the Court should dismiss Plaintiff's claim for unjust enrichment.

## VII.    THE TAC FAILS TO COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8

"Although a pro se complaint is liberally construed, an allegation of conspiracy requires more than conclusory allegations." *Rosendale v. Brusie*, 374 Fed. App'x 195, 197 (2d Cir. 2010). Federal Rule of Civil Procedure 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. *See* Fed. R. Civ. Proc. 8; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has held that complaints containing only vague or conclusory accusations lack the particularity required to ensure that defendants receive fair notice of a plaintiff's claims, and are therefore subject to dismissal. *See DiMuro v. Clinique Labs., LLC*, 572 Fed. App'x 27, 30 (2d Cir. 2014)

Here, Plaintiff's TAC is devoid of factual allegations and contains nothing more than vague recitations of the elements of the various asserted claims. The TAC relies on conclusory statements to allege that Shopify USA is somehow liable for alleged trademark infringement by a non-party. Further, Plaintiff vaguely claims, but cites no facts to support, that non-party www.zeeshirtcollection.com is offering for sale goods bearing the "LES NYC" trademark. The TAC does not approach the requirements of Rule 8, even taking into consideration the leeway afforded to *pro se* plaintiffs like Mr. Lopez. The gravamen of the claims against Shopify USA appear to be vaguely based on misconduct of a non-party that uses the services of its parent company Shopify Inc. The conclusory nature of the TAC is enough to merit dismissal of all of Plaintiff's claims.

## VIII.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND

Courts properly deny leave to amend where further amendment would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff offers no factual allegations to support his claims. "Even in a pro se case, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).

This is particularly true where, as here, "the problem with the claim is substantive." *Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*, No. 14CV10304VECFM, 2016 WL 1317700, at *10 (S.D.N.Y. Apr. 1, 2016), citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, this Court lacks personal jurisdiction over Shopify USA, and Plaintiff cannot allege otherwise. Further, Plaintiff is apparently attempting to improperly blame Shopify USA for alleged infringement by non-party www.zeeshirtcollection.com, a merchant client of Shopify USA's parent company. There is no plausible basis for these claims under settled Second Circuit law. *See, e.g., Tiffany*, 576 F. Supp. 2d 463. Furthermore, Plaintiff has offered only threadbare recitals of the elements of his claims, rather than facts, in support of his TAC. *Chavis*, 618 F.3d at 170. And finally, venue here is not even proper as Plaintiff has already consented to venue in the province of Ontario. *See* Section V., *supra*. Thus, for the reasons stated above, the Court should deny leave to file a Fourth Amended Complaint, as amendment would plainly be futile.

## IX.   **CONCLUSION**

For the foregoing reasons, Defendant Shopify (USA) Inc. respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint in its entirety and with prejudice.

DATED: March 9, 2018                     SIDEMAN & BANCROFT LLP


                                         By:  _____/s/ Rebecca K. Felsenthal_____
                                              Rebecca K. Felsenthal
                                              Attorneys Specially Appearing for Defendant
                                              Shopify (USA) Inc.