IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BONANZA.COM, INC., et al., <br><br> Defendants. | CASE NO. 1:17-cv-08493-LAP <br><br> **DEFENDANT GODADDY.COM, LLC'S MOTION TO DISMISS** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GODADDY.COM, LLC'S MOTION TO DISMISS PLAINTIFF ROBERT G. LOPEZ'S FOURTH AMENDED COMPLAINT**

**COZEN O'CONNOR**
David B. Sunshine
277 Park Avenue
New York, New York 10172
Tel: 212-883-4900
Email: dsunshine@cozen.com

Jeffrey M. Monhait (admitted *Pro Hac Vice*)
One Liberty Place, 1650 Market Place Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2084
Email: jmonhait@cozen.com

Attorneys for Defendant

GODADDY.COM, LLC

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.  INTRODUCTION ........................................................................................................ 1

II. FACTS .......................................................................................................................... 1

   A. Plaintiff's Business ................................................................................................. 1

   B. Background on GoDaddy ....................................................................................... 2

   C. Plaintiff's Allegations Against GoDaddy Carried Over From Plaintiff's Third Amended Complaint ............................................................................................... 2

   D. New Allegations in Plaintiff's Fourth Amended Complaint .................................. 3

   E. Plaintiff's Generalized Allegations ......................................................................... 4

III. LEGAL STANDARD ................................................................................................... 4

IV. ARGUMENT ................................................................................................................ 6

   A. Plaintiff Cannot State A Claim For Trademark Infringement Against GoDaddy (First, Second, And Third Causes Of Action) ........................................................ 7

      1. Plaintiff's Federal Trademark Claims Fail Because Plaintiff Cannot Show That GoDaddy Used The Marks In Commerce (First And Second Causes Of Action) ..... 7

      2. Plaintiff's State Law Claim Fails Because There Are No Allegations Of Bad Faith Conduct By GoDaddy (Third Cause Of Action) ...................................................... 10

   B. Plaintiff Cannot State A Claim For Unjust Enrichment (Fifth Cause Of Action) ........ 11

      1. The Communications Decency Act Bars Plaintiff's Unjust Enrichment Claim ....... 11

      2. Plaintiff Fails To Plead That GoDaddy Was Unjustly Enriched .............................. 13

V. CONCLUSION ........................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
    414 F.3d 400 (2d Cir. 2005)..................................................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................5, 11

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ...................................................................................5, 8, 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................5, 8

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)................................................................................................13

*Cuoco v. Moritsugu*,
    222 F.3d 99 (2d Cir. 2000)...................................................................................................6

*Faulkner v. National Geographic Soc'y*,
    211 F. Supp. 2d 450 (S.D.N.Y. 2002)...................................................................................7

*Ferro v. Railway. Express Agency, Inc.*,
    296 F.2d 847 (2d Cir. 1961).................................................................................................5

*Freedom Holdings, Inc. v. Spitzer*,
    357 F.3d 205 (2d Cir. 2004).................................................................................................5

*Herrick v. GoDaddy.com, LLC*,
    No. CV-16-00254-PHX-DJH, 2018 WL 2229131 (D. Ariz. May 14, 2018) ...........................9

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995).......................................................................................5, 9, 13

*Johnson & Johnson Consumer Cos., Inc. v. Aini*,
    540 F. Supp. 2d 374 (E.D.N.Y. 2008) ..................................................................................7

*LaChapelle v. Fenty*,
    812 F. Supp. 2d 434 (S.D.N.Y. 2011)..................................................................................10

*Laureyssens v. Idea Grp., Inc.*,
    964 F.2d 131 (2d Cir. 1992)................................................................................................11

*Luv'n Care, Ltd. v. Mayborn USA, Inc.*,
    898 F. Supp. 2d 634 (S.D.N.Y. 2012) .................................................................................. 11

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
    No. 12 Civ. 2837(KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ..................................... 6

*Ricci v. Teamsters Union Local 456*,
    781 F.3d 25 (2d Cir. 2015) ..................................................................................................... 12

*Schellenbach v. GoDaddy.com, LLC*,
    No. CV-16-00746-PHX-DGC, 2017 WL 192920 (D. Ariz. Jan. 18, 2017) .............................. 9

*TechnoMarine SA v. Jacob Time, Inc.*,
    No. 12 Civ. 0790(KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) ................................... 7

*TufAmerica, Inc. v. Codigo Music LLC*,
    162 F. Supp. 3d 295 (S.D.N.Y. 2016) .................................................................................... 10

*Ventures Edge Legal PLLC v. GoDaddy.com LLC*,
    No. CV-15-02291-PHX-GMS, 2016 WL 3570465 (D. Ariz. July 1, 2016) ............................. 9

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015) ...................................................................................... 2

*Zeran v. America Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ................................................................................................. 12

**Statutes**

15 U.S.C. §§ 1114-1116 ................................................................................................................ 7

15 U.S.C. §§ 1114 and 1125(a) ..................................................................................................... 7

15 U.S.C. § 1125(a) ...................................................................................................................... 7

15 U.S.C. § 1127 ........................................................................................................................... 8

47 U.S.C. § 230(c)(1) .................................................................................................................. 11

47 U.S.C. § 230(e)(3) .................................................................................................................. 12

**Other Authorities**

Fed. R. Civ. P. 8 .................................................................................................................. 1, 8, 13

Fed. R. Civ. P. 8(a)(2) and 12(b)(6) ............................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 5, 13

Defendant GoDaddy.com, LLC ("GoDaddy") respectfully submits this Memorandum of Law in Support of GoDaddy's Motion to Dismiss Plaintiff Robert G. Lopez's ("Plaintiff") Fourth Amended Complaint under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

Plaintiff allegedly sells clothing featuring protected trademarks, and has sued GoDaddy (and more than twenty-five other defendants) for trademark infringement and unjust enrichment, but Plaintiff's own allegations demonstrate the implausibility of those claims.  Plaintiff *specifically* pleads that GoDaddy is a website hosting company, but *generally* alleges that GoDaddy, as one of an undifferentiated mass of defendants, sells clothing that infringes on Plaintiff's trademarks. Federal Rule of Civil Procedure 8 ("Rule 8") does not permit such generalized, conclusory pleading.  Plaintiff has not alleged that GoDaddy uses any of its protected marks in commerce, nor could it: GoDaddy is not a clothing manufacturer, distributor, or retailer.  Plaintiff's conclusory allegations do not adequately state a claim for federal or common law trademark infringement, and Plaintiff entirely fails to plead the bad faith required to sustain a common law action.  Plaintiff's unjust enrichment claim is barred by the Communications Decency Act, because GoDaddy is a provider of an interactive computer service.  Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), such facially deficient and implausible claims must be dismissed with prejudice.

## II.    FACTS

### A.     Plaintiff's Business

Plaintiff alleges that he sells various items of clothing under the brand names "LOWER EAST SIDE™" and "LES NYC®."  Compl. ¶ 42.[1]  Plaintiff operates a business under the trade name "L.E.S. CLOTHING CO.™" to sell clothing under those two marks, as well as "LES™",

---

[1] GoDaddy's citations are to Plaintiff's Fourth Amended Complaint (Dkt. No. 214).

1

LOYALTY EQUALS STRENGTH™", and "THE LOWER™". Compl. ¶¶ 43-44. Plaintiff sells his branded clothing online at www.lesclothing.com, in several retail locations, and previously in a flagship store in New York City. Compl. ¶ 46.

### B. Background on GoDaddy

GoDaddy is the world's largest domain name registrar and also offers numerous other online products and services to the public.[2] Domain names function as addresses that enable internet users to easily access the domain name owners' websites, and in order for a customer to reserve a domain name, the customer must register it with a registrar, like GoDaddy. In addition to domain name registration services, some customers purchase website hosting services, in which individuals and businesses pay a small monthly fee to lease space on GoDaddy's servers to host their websites. Not every customer who utilizes GoDaddy's services as a registrar purchases hosting services. For example, a customer who registers a domain name through GoDaddy may utilize a different internet service provider to host the customer's website, or set up the domain name to forward to another domain name.

### C. Plaintiff's Allegations Against GoDaddy Carried Over From Plaintiff's Third Amended Complaint

Plaintiff alleges that GoDaddy "is a major web hosting company that provides web hosting" services. Compl. ¶ 182; Dkt. No. 90 ¶ 146. Plaintiff further alleges that GoDaddy "is providing hosting, and online retail store services to the website www.cruvie.com which provides the platform and ability to purchase t-shirts and other clothing items that infringe Plaintiff's

---

[2] The information contained in this paragraph is included for background, and GoDaddy's Motion does not depend upon it. However, to the extent it becomes a relevant issue, this information is publicly available on GoDaddy's website, which resolves from the domain name, godaddy.com. "[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (quotation omitted).

LOWER EAST SIDE™ and LES NYC® trademarks." Compl. ¶ 182; Dkt. No. 90 ¶ 146. Plaintiff alleges that he provided GoDaddy "with an Infringement Notice but [GoDaddy] failed to act expeditiously in removing the infringing content as requested," and "is inducing the infringement" by continuing to provide hosting services to www.cruvie.com. Compl. ¶¶ 183, 187; Dkt. No. 90 ¶ 147. Plaintiff further alleges that GoDaddy "has the ability to manage, monitor and control the infringing activity" on www.cruvie.com. Compl. ¶ 188; Dkt. No. 90 ¶ 148. Plaintiff alleges that GoDaddy is "knowingly supplying services under the www.cruvie.com website that it knows to be engaged in infringing activities." Compl. ¶ 188.

### D. New Allegations in Plaintiff's Fourth Amended Complaint

Apparently in response to GoDaddy's Motion to Dismiss Plaintiff's Third Amended Complaint, Dkt. No. 94, Plaintiff added allegations to his Fourth Amended Complaint in an effort to transform GoDaddy from a hosting company into a clothing retailer. Plaintiff now alleges that GoDaddy is "using Plaintiff's . . . marks in commerce in connection with the advertising, sale and offering for sale of clothing items that violate Plaintiff's trademarks by displaying and promoting products under Plaintiff's trademarks from the www.cruvie.com website." Compl. ¶ 184. Plaintiff further claims that GoDaddy's alleged use of Plaintiff's marks "is willful, deliberate, intentional and done in bad faith as it has attempted to palm off the good will and reputation Plaintiff has built" in his marks. Compl. ¶ 185. Plaintiff alleges that without GoDaddy's "hosting and ecommerce retail services . . . there would be no infringing products . . . advertised and sold from the commerce website www.cruvie.com." Compl. ¶ 186.

Additionally, Plaintiff now alleges, for the first time, that when GoDaddy provides domain registration and hosting services to a customer, it has "an actual partnership and business relationship" with that customer, and that "both have the authority to bind one another in

3

transactions that control the infringing products and activities" from www.cruvie.com.  Compl. ¶ 189.  Plaintiff finishes his allegations against GoDaddy with a series of legal conclusions: (1) GoDaddy "is liable for direct, vicarious and contributory trademark infringement," Compl. ¶ 190; (2) GoDaddy's alleged use of Plaintiff's marks "in connection with clothing is likely to continue to cause confusion," with Plaintiff's products, and "has already caused confusion" as to the source of Plaintiff's products, Compl. ¶¶ 191-192; and (3) GoDaddy's alleged use of Plaintiff's marks "is not a fair use as GoDaddy . . . [is] using the marks for commercial business purposes and for a profit from the website www.cruvie.com."  Compl. ¶ 193.

### E. Plaintiff's Generalized Allegations

Plaintiff makes several allegations against all Defendants without separately and specifically identifying GoDaddy's alleged conduct.  Plaintiff alleges that the "Defendants' use of Plaintiff's trademarks and copyrights are done without authorization or consent and Defendants' use of Plaintiff's trademarks and other intellectual property are not considered 'fair use' as Defendants' [*sic*] are using the marks for a profit and commercial gain in connection with the sale of clothing and/or receiving commissions from the sale of clothing items bearing Plaintiff's trademarks and/or copyrighted designs."  Compl. ¶ 361.  Plaintiff alleges that several of his longstanding customers have contacted him regarding "branded products that are offered and sold by Defendants thinking the products were sponsored, affiliated and/or done in collaboration with Plaintiff" and his company.  Compl. ¶ 362. Plaintiff also alleges that Defendants' use of his brands "in connection with clothing has already caused and will continue to cause confusion" and that "[a]ll of the Defendants have several clothing product designs and items that are confusingly similar to" Plaintiff's designs.  Compl. ¶ 363.

**III.    LEGAL STANDARD**

A cause of action must be dismissed under Rule 12(b)(6) for failure to state a claim "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The allegations must raise the right to relief beyond "possibility" and "above the speculative level." *Id*. at 555, 557.  A court evaluating a Rule 12(b)(6) motion to dismiss accepts as true the well-pled facts alleged in the complaint, *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995), and draws all reasonable inferences in the plaintiff's favor, *see Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004).  However, legal conclusions and conclusory factual allegations are not entitled to an assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (the pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").  The court does not need to credit "[g]eneral, conclusory allegations . . . belied by more specific allegations of the complaint." *Hirsch*, 72 F.3d at 1092.

Ultimately, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "[A] formulaic recitation of the elements . . . will not do," and neither will "a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation omitted).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  This "requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Railway. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)).  A plaintiff fails to meet this burden when it "lump[s] all the defendants

5

together in each claim and provid[es] no factual basis to distinguish their conduct." *Id. See also Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837(KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) ("Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants.").

A complaint should be dismissed with prejudice when the "problem" with the complaint is "substantive," and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. ARGUMENT

Plaintiff brings four causes of action against GoDaddy: trademark infringement under the Lanham Act (First Cause of Action), unfair competition and false designation of origin under the Lanham Act (Second Cause of Action), common law trademark infringement and unfair competition (Third Cause of Action), and unjust enrichment (Fifth Cause of Action).[3] Plaintiff's First, Second, and Third Causes of Action for trademark infringement fail to state a claim because Plaintiff does not allege that GoDaddy uses its protected marks in commerce. Plaintiff's Third Cause of Action, for common law trademark infringement, is additionally deficient because Plaintiff does not plead any bad faith conduct by GoDaddy. Plaintiff's Fifth Cause of Action is barred by the Communications Decency Act and fails to plead that GoDaddy has been unjustly enriched at Plaintiff's expense. Dismissal with prejudice is warranted because no amendment could cure these deficiencies.

---

[3] Plaintiff's Fourth Cause of Action is not brought against GoDaddy. *See* Compl. ¶¶ 376-382 (Copyright Infringement against Defendants Bonanza.com, Inc., Digital Fortress, Inc., Amazon.com, Inc., and Tierpoint, LLC only).

### A. Plaintiff Cannot State A Claim For Trademark Infringement Against GoDaddy (First, Second, And Third Causes Of Action)

Plaintiff's Third Amended Complaint asserts three trademark claims against GoDaddy: trademark infringement under 15 U.S.C. §§ 1114-1116, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and common law trademark infringement and unfair competition. Compl. ¶¶ 364-375. These claims all suffer from incurable defects, and they should be dismissed with prejudice.

"In order to prevail on a trademark infringement claim under sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a), respectively), Plaintiff must demonstrate the following two elements: (1) that Plaintiff is the owner of a valid trademark and (2) that there is a likelihood of confusion by consumers." *Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp. 2d 374, 388 (E.D.N.Y. 2008). Plaintiff's common law unfair competition claim under New York law is "virtually the same" as the parallel claim under the Lanham Act, *see Faulkner v. National Geographic Soc'y*, 211 F. Supp. 2d 450, 478 (S.D.N.Y. 2002), except that the state law claim "requires an additional showing of bad faith." *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 Civ. 0790(KBF), 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012).

Plaintiff's trademark claims should be dismissed for two reasons. First, each of these claims fails because Plaintiff has not, and cannot, allege that GoDaddy used the marks "in commerce," a required element of each claim. Second, Plaintiff has failed to plead any bad faith conduct with respect to his common law claim.

### 1. Plaintiff's Federal Trademark Claims Fail Because Plaintiff Cannot Show That GoDaddy Used The Marks In Commerce (First And

7

**Second Causes Of Action)**

For Plaintiff to sufficiently allege either of his trademark infringement claims under sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), he must show that GoDaddy "used the mark . . . in commerce." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-407 (2d Cir. 2005). The issue of "'use' must be decided as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a trademark." *Id.* at 412. Under the Lanham Act, a mark is "used in commerce" when it is (1) "placed" on "goods or their containers or the displays associated therewith or on the tags or labels affixed thereto . . . and . . . the goods are sold or transported in commerce," or (2) "used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127. Plaintiff has not, and cannot, plead that GoDaddy used his trademarks in commerce.

Plaintiff makes several general, conclusory allegations against the Defendants (without any distinction) regarding their alleged use of Plaintiff's trademarks. Compl. ¶¶ 361-363. This pleading deficiency warrants dismissal under Rule 8: GoDaddy cannot have fair notice of how it has allegedly harmed Plaintiff if it is lumped together with the other Defendants without any distinction. *See Atuahene*, 10 F. App'x at 34.

Apparently in response to GoDaddy's Motion to Dismiss Plaintiff's Third Amended Complaint, Plaintiff added the conclusory allegation that GoDaddy used Plaintiff's "marks in commerce in connection with the advertising, sale and offering for sale of clothing items that violate Plaintiff's trademarks . . . from the www.cruvie.com website." Compl. ¶ 184. This allegation amounts to nothing more than a legal conclusion, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Moreover, the implausibility of Plaintiff's claims against GoDaddy is evident in Plaintiff's efforts to characterize GoDaddy as a clothing retailer. *See* Compl. ¶ 184 (alleging that GoDaddy used Plaintiff's "marks in commerce in connection with the advertising, sale and offering for sale of clothing items that violate Plaintiff's trademarks . . . from the www.cruvie.com website."); Compl. ¶ 361 ("Defendants' [*sic*] are using [Plaintiff's] marks . . . in connection with the sale of clothing"); Compl. ¶ 363 ("All of the Defendants have several clothing product designs and items that are confusingly similar to" Plaintiff's products). However, as Plaintiff admits, GoDaddy provides domain name registration services and web hosting services. *See* Compl. ¶ 182 (GoDaddy "is a major web hosting company that provides web hosting . . . and online retail store services to the website www.cruvie.com.").[4] *See also Herrick v. GoDaddy.com, LLC*, No. CV-16-00254-PHX-DJH, 2018 WL 2229131, at *1 (D. Ariz. May 14, 2018) ("GoDaddy is a provider of web-based products and services, including domain name registration, website hosting, and other online business applications."); *Schellenbach v. GoDaddy.com, LLC*, No. CV-16-00746-PHX-DGC, 2017 WL 192920, at *1 (D. Ariz. Jan. 18, 2017) (GoDaddy "sells a variety of services to small businesses, including internet domain registrations, web-based business applications, and forms of server access"); *Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2016 WL 3570465, at *1 (D. Ariz. July 1, 2016) ("GoDaddy is an internet domain name registrar."). No allegation by Plaintiff can transform GoDaddy into a clothing retailer, and the court need not credit "[g]eneral, conclusory allegations . . . belied by more specific allegations of the complaint." *Hirsch*, 72 F.3d at 1092.

---

[4] Plaintiff made the same admission in his Opposition to GoDaddy's Motion to Dismiss Plaintiff's Third Amended Complaint. *See* Dkt. No. 133, at 4 (GoDaddy "is providing web hosting services to one of its account holders who maintained and operated an online retail store that sold . . . clothing products that infringed Plaintiff's . . . trademarks.")

All of Plaintiff's general, conclusory allegations are belied by the more specific allegation that GoDaddy is a website hosting company, and not a clothing retailer, distributor, or manufacturer. This defect permeates Plaintiff's generalized, undifferentiated allegations against the Defendants in Paragraphs 361-363, as well as Plaintiff's newly added legal conclusions in Paragraphs 184-193, and the Court need not assume they are true as to GoDaddy. Moreover, none of these allegations state with particularity what conduct by GoDaddy allegedly harmed Plaintiff. Rather, they are either made against the "Defendants" as a group, or they are not plausible with respect to GoDaddy, which, as Plaintiff admits, provides domain name registration services and web hosting services, and is not a clothing retailer. GoDaddy does not use Plaintiff's marks in commerce, and no amendment could change this fact. Therefore, Plaintiff's trademark claims in the First and Second Causes of Action should be dismissed with prejudice.

### 2. Plaintiff's State Law Claim Fails Because There Are No Allegations Of Bad Faith Conduct By GoDaddy (Third Cause Of Action)

To maintain an unfair competition claim under New York common law against GoDaddy, Plaintiff must prove (1) either actual confusion or a likelihood of confusion as to the origin of the goods, and (2) bad faith by GoDaddy. *See LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 444 (S.D.N.Y. 2011). "Thus, the standard for federal mark infringement and unfair competition is virtually identical to that under New York common law, except the latter requires a showing of bad faith." *Id.* (quotations omitted). A claim that fails under the Lanham Act therefore necessarily fails under New York common law. *Id.* at 449.

As already discussed, the First and Second Causes of Action fail to state a claim under the Lanham Act, and so the Third Cause of Action under New York common law necessarily fails. Moreover, Plaintiff has not alleged any bad faith conduct by GoDaddy, providing an independent basis for dismissing the Third Cause of Action. Bad faith "generally refers to an attempt by a

10

junior user of a mark to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products." *TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 331 (S.D.N.Y. 2016).  Bad faith may include "palming off, actual deception, appropriation of another's property…or deliberate copying."  *Luv'n Care, Ltd. v. Mayborn USA, Inc.*, 898 F. Supp. 2d 634, 643 n. 69 (S.D.N.Y. 2012) (quoting *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 138 (2d Cir. 1992)).

Plaintiff does not plead any such bad faith conduct by GoDaddy.  Nor could it, because Plaintiff does not adequately plead that GoDaddy uses Plaintiff's marks at all, let alone in commerce.  Moreover, Plaintiff's newly added allegations in its Fourth Amended Complaint do not cure these defects.  Ostensibly in response to GoDaddy's prior Motion to Dismiss, Plaintiff now baldly alleges that GoDaddy acted "in bad faith as it has attempted to palm off the good will and reputation Plaintiff has built in his . . . trademarks."  Compl. ¶ 185.  This allegation does not plead bad faith, as "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action . . . do not suffice."  *Iqbal*, 556 U.S. at 678.  Plaintiff's Third Cause of Action should be dismissed with prejudice.

### B. Plaintiff Cannot State A Claim For Unjust Enrichment (Fifth Cause Of Action)

Plaintiff's claim for unjust enrichment is barred by the Communications Decency Act, and Plaintiff does not plead that GoDaddy was unjustly enriched at Plaintiff's expense.  This claim should be dismissed with prejudice.

1.     **The Communications Decency Act Bars Plaintiff's Unjust Enrichment Claim**

The Communications Decency Act ("CDA") protects a provider of an interactive computer service from liability for information or content "provided by another information content provider." 47 U.S.C. § 230(c)(1). It expressly provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). This immunity is a legislative recognition of "the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium." *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

The Second Circuit recently affirmed GoDaddy's CDA immunity, holding that "the Communications Decency Act . . . shields GoDaddy from publisher liability (with respect to web content provided by others) in its capacity as a provider of an interactive computer service." *Id.* In *Ricci*, the plaintiff sued GoDaddy for defamation based on statements that someone else published on a website hosted on GoDaddy's servers. *Id.* at 26. The only allegations the plaintiff asserted against GoDaddy were that GoDaddy hosted a website containing the allegedly defamatory statements, refused to remove the content, and refused to investigate plaintiff's complaints about the content. *Id.* at 27. The court in *Ricci* concluded that the CDA barred this defamation claim, as it sought to hold GoDaddy liable purely as a provider of an interactive computer service. *Id.* at 28.

The CDA bars Plaintiff's unjust enrichment claim for the same reasons. As in *Ricci*, Plaintiff seeks to hold GoDaddy liable purely for its alleged provision of website hosting services. Plaintiff does not, and cannot not, allege that GoDaddy provided any of the infringing materials. Like the plaintiffs in *Ricci*, Plaintiff alleges only that GoDaddy hosted a website containing the

12

offensive material, and refused to remove the content. Compl. ¶¶ 182-193. The CDA's "barrier to suit is evident from the face of the complaint," warranting the dismissal of these claims. *See Ricci*, 781 F.3d at 28.

### 2. Plaintiff Fails To Plead That GoDaddy Was Unjustly Enriched

Even setting aside the statutory bar to Plaintiff's unjust enrichment claim, Plaintiff has failed to adequately allege this cause of action against GoDaddy. "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). As explained above, Plaintiff's vague allegations, which lump the Defendants together without any distinction, does not give GoDaddy fair notice of Plaintiff's claim against it. *See* Fed. R. Civ. P. 8; *Atuahene*, 10 F. App'x at 34. Nor must the Court credit these general conclusory allegations when Plaintiff has specifically pled contrary facts, namely that GoDaddy is a website hosting company, not a clothing retailer. *See Hirsch*, 72 F.3d at 1092. Plaintiff has not alleged that GoDaddy offered or sold any clothing bearing Plaintiff's marks and does not adequately plead that GoDaddy has been enriched at Plaintiff's expense. This claim should be dismissed with prejudice.

### V. CONCLUSION

Plaintiff pleads that GoDaddy is a website hosting company, not a clothing retailer. Plaintiff's federal and common law trademark claims rely on generalized allegations against all Defendants which (1) provide insufficient notice under Rule 8 and (2) fail to state a claim under Rule 12(b)(6). No amendment can cure this defect because no pleading can transform GoDaddy into a clothing retailer. Plaintiff's unjust enrichment claim is statutorily barred by the

13

Communications Decency Act, and Plaintiff does not plead that GoDaddy has been enriched at Plaintiff's expense. GoDaddy respectfully requests that this Court dismiss all causes of action against it with prejudice.

Dated:  July 20, 2018

Respectfully submitted,

*s/ Jeffrey M. Monhait*

**COZEN O'CONNOR**
David B. Sunshine
277 Park Avenue
New York, New York 10172
Tel: 212-883-4900
Email: dsunshine@cozen.com

Jeffrey M. Monhait (admitted *Pro Hac Vice*)
One Liberty Place, 1650 Market Place Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2084
Email: jmonhait@cozen.com

Attorneys for Defendant
GODADDY.COM, LLC