UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, and individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BONANZA.COM, INC., et al.<br><br>　　　　Defendants. | Case No. 17-CV-8493 (LAP)<br><br><br>**DEFENDANT SHOPIFY (USA) INC.'S MOTION TO DISMISS ROBERT G. LOPEZ'S FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULES 12(B)(2), 12(B)(3), AND 12(B)(6)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SHOPIFY (USA) INC.'S MOTION TO DISMISS ROBERT G. LOPEZ'S FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULES 12(B)(2), 12(B)(3), AND 12(B)(6)**

Zachary J. Alinder (*Admitted Pro Hac Vice*)
Email:　zalinder@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:　　(415) 392-1960
Facsimile:　　(415) 392-0827

*Attorneys Specially Appearing for Defendant SHOPIFY (USA) INC.*

3664538

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................2

        A.      Shopify (USA) Inc. ..............................................................................2

        B.      Plaintiff's Business, Including His Shopify Store ...................................3

III.    12(B) MOTION TO DISMISS STANDARD ..........................................................6

IV.     THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY USA................7

        A.      There Is No General Personal Jurisdiction Over Shopify USA...............7

        B.      There Is No Specific Personal Jurisdiction Here Either .........................9

                1.      There Is No Personal Jurisdiction Under CPLR § 302(a)(1)......9

                2.      There Is No Personal Jurisdiction Under CPLR § 302(a)(2)....10

                3.      There Is No Personal Jurisdiction Under CPLR § 302(a)(3)....11

                4.      There Is No Personal Jurisdiction Under CPLR § 302(a)(4)....12

V.      THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER
        VENUE .............................................................................................................12

        A.      The Forum Selection Clause Was Reasonably Communicated to Plaintiff .........12

        B.      The Language of the Forum Selection Clause is Mandatory................13

        C.      Plaintiff's Claims Are Subject To The Forum Selection Clause ...........13

        D.      Non-Signatory Shopify USA May Enforce the Forum Selection Clause.............14

VI.     THE FAC FAILS TO STATE A CLAIM FOR RELIEF AGAINST SHOPIFY
        USA..................................................................................................................15

        A.      Plaintiff Fails to State A Claim for Trademark Infringement or Unfair
                Competition (Claims 1 through 3) .......................................................15

        B.      Plaintiff Cannot State A Claim For Unjust Enrichment (Claim 5)........18

VII.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND......................................20

VIII.   CONCLUSION...................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
    414 F.3d 400 (2d Cir. 2005)................................................................................15

*Aluminal Indus., Inc. v. Newtown Commercial Assocs.*,
    89 F.R.D. 326 (S.D.N.Y. 1980) ..........................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    171 F.3d 779 (2d Cir. 1999)...................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................7, 17

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)...................................................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...............................................................................................7

*Chavis v. Chappius*,
    618 F.3d 162 (2d Cir. 2010).................................................................................20

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)............................................................................................8

*Foman v. Davis*,
    371 U.S. 178 (1962).............................................................................................20

*Grullon v. City of New Haven*,
    720 F.3d 133 (2d Cir. 2013).................................................................................20

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995).................................................................................17

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...............................................................................................7

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*,
    456 U.S. 844 (1982).............................................................................................18

*Jazini v. Nissan Motor Co. Ltd.*,
   148 F.3d 181 (2d Cir. 1998).............................................................................................6

*KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*,
   812 F. Supp. 2d 377 (S.D.N.Y. 2011)...........................................................................14

*LaMarca v. Pak-Mor Mfg. Co.*,
   95 N.Y.2d 210, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000).........................................11

*LaRoss Partners, LLC v. Contact 911 Inc.*,
   874 F. Supp. 2d 147 (E.D.N.Y. 2012) ...........................................................................19

*Licci v. Lebanese Canadian Bank*,
   673 F.3d 50 (2d Cir. 2012)...............................................................................................9

*Lopez v. Bigcommerce, Inc.*,
   2017 WL 3278932 (S.D.N.Y August 1, 2017) ..........................................................15, 18, 20

*Lopez v. Shopify Inc. and Shopify (USA) Inc.*,
   1:16-cv-09761 (VEC) (AJP), 2017 WL 2229868 (S.D.N.Y. May 23, 2017),
   adopted at 2018 WL 481891 (S.D.N.Y. January 17, 2018)................................2, 3, 6

*Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*,
   2016 WL 1317700 (S.D.N.Y. Apr. 1, 2016)..................................................................20

*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
   714 F.3d 714 (2d Cir. 2013)...........................................................................................14

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories, Ltd., et al.*,
   2009 WL 4857605 (S.D.N.Y. Dec. 14, 2009) ..............................................................18

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................................................................17

*Oorah, Inc. v. Schick*,
   552 Fed. App'x 20 (2d Cir. 2014)..................................................................................18

*Person v. Google Inc.*,
   456 F. Supp. 2d 488 (S.D.N.Y. 2006).............................................................................6

*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir. 2007)..............................................................................7, 12, 13

*Pokemon Co. Int'l, Inc. v. Shopify Inc.*,
   2017 WL 697520 (N.D. Cal. Feb. 22, 2017) ...................................................................3

*Ricci v. Teamsters Union Local 456*,
   781 F.3d 25 (2d Cir. 2015).............................................................................................19

*Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC,*
    450 F.3d 100 (2d Cir. 2006)................................................................................11

*Sonera Holding B. V. v. Cukurova Holding A. S.,*
    750 F.3d 221 (2d Cir. 2014)..................................................................................8

*Takamiya v. DNP Am., LLC,*
    2016 WL 4030861 (S.D.N.Y. Jul. 25, 2016), *appeal dismissed sub nom.*
    *TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7, 2016)..............................4

*TechnoMarine SA v. Jacob Time, Inc.,*
    2012 WL 2497276 (S.D.N.Y. Jun. 22, 2012) ......................................................16

*Tiffany (NJ) Inc. v. eBay, Inc.,*
    600 F.3d 93 (2d Cir. 2010)...........................................................................16, 17

*TradeComet.com LLC v. Google, Inc.,*
    647 F.3d 472 (2d Cir. 2011)...........................................................................7, 12

*TradeComet.com LLC v. Google, Inc.,*
    693 F. Supp. 2d 370 (S.D.N.Y. 2010)...........................................................12, 13

*Troma Entm't, Inc. v. Centennial Pictures Inc.,*
    729 F.3d 215 (2d Cir. 2013)................................................................................11

*TufAmerica, Inc. v. Codigo Music LLC,*
    162 F. Supp. 3d 295 (S.D.N.Y. 2016)............................................................16, 17

*Zeran v. America Online, Inc.,*
    129 F.3d 327 (4th Cir. 1997) ..............................................................................19

**Statutes**

15 U.S.C. § 1127 .........................................................................................................16

47 U.S.C. § 230 ...........................................................................................................19

47 U.S.C. § 230(f)(2) ..................................................................................................19

**Other Authorities**

CPLR § 301................................................................................................................7, 8

CPLR § 302.........................................................................................................7, 9, 10

CPLR § 302(a)(1) .................................................................................................9, 10

CPLR § 302(a)(2) ..............................................................................................10, 11

CPLR § 302(a)(3) ..............................................................................................11, 12

CPLR § 302(a)(4) .................................................................................................12

Fed. R. Civ. Proc. 12(b) ....................................................................................1, 12

Fed. R. Civ. Proc. 12(b)(2) ............................................................................1, 6, 12

Fed. R. Civ. Proc. 12(b)(3) ............................................................................2, 6, 15

Fed. R. Civ. Proc. 12(b)(6) ............................................................................2, 7, 15

Defendant Shopify (USA) Inc. ("Shopify USA"), specially appearing through its undersigned counsel, respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss the Plaintiff's Fourth Amended Complaint ("Complaint" or "FAC"), ECF No. 214, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## I.   PRELIMINARY STATEMENT

Plaintiff Robert G. Lopez is a serial IP plaintiff who has filed dozens of nuisance lawsuits in this District, including one recently dismissed lawsuit for lack of jurisdiction against Shopify USA. Despite that recent dismissal by another Court in this District, Plaintiff has yet again attempted to drag Shopify USA into a lawsuit without any legal or factual basis. Like Plaintiff's prior lawsuits, this one utterly lacks merit as to Shopify USA. Shopify USA is a wholly owned subsidiary of the ecommerce platform Shopify Inc., and helps merchants market their goods and services. From what little is pled, it appears that Mr. Lopez has sued Shopify USA – a subsidiary of Shopify Inc., the ecommerce platform that he himself uses – for allegedly infringing his "Lower East Side" and "LES NYC" trademarks, because two merchants using the Shopify Inc. platform were allegedly selling goods that infringed those marks.[1] These allegations of the FAC are legally and factually deficient as to Shopify USA, requiring the Court to dismiss the FAC in its entirety and without leave to amend for at least three distinct reasons.

*First*, pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over Shopify USA. As Plaintiff alleges, Shopify USA is a Delaware corporation with its principal place of business in San Francisco, California. Plaintiff has not alleged, and Shopify USA does not have, the type of substantial, continuous, or systematic contacts with New York to subject it to general jurisdiction here. Nor does the dispute here arise out of any forum-related activities by Shopify USA. Like his last lawsuit against Shopify USA, this jurisdictional bar is fatal to his claims. *See*

---

[1] Plaintiff's FAC identifies non-party www.zeeshirtcollection.com and newly-added defendant Teefoxt dba www.teefoxt.com, as these two resellers. FAC ¶¶ 109-115 & 172-181, Ex. P.

*Lopez v. Shopify Inc. and Shopify (USA) Inc.*, 1:16-cv-09761 (VEC) (AJP), 2017 WL 2229868 (S.D.N.Y. May 23, 2017) (report and recommendations dismissing claims), report and recommendations adopted at 2018 WL 481891 (S.D.N.Y. January 17, 2018).

**Second**, pursuant to Rule 12(b)(3), in the alternative, the Court should dismiss the FAC for improper venue due to a mandatory forum selection clause in favor of Canada in the Shopify Inc. Terms of Service ("TOS"). Mr. Lopez is a Shopify merchant and the claims raised in his Complaint fall under the mandatory forum selection clause in favor of Ontario, Canada.

**Third**, pursuant to Rule 12(b)(6), the FAC also fails to state any claim for which relief can be granted. Plaintiff has not alleged, and cannot possibly allege, plausible claims for trademark infringement, unfair competition, or unjust enrichment against Shopify USA.  Mr. Lopez's vague and conclusory allegations regarding third party merchants using the services of the parent of Shopify USA are not remotely sufficient to state a claim for relief here.

The substantive pleading defects here are fatal to the Fourth Amended Complaint and confirm that further amendment would be futile. Accordingly, Shopify USA respectfully requests that the Court dismiss the FAC in its entirety and without leave to amend.

## II.   FACTUAL BACKGROUND

### A.   Shopify (USA) Inc.

Plaintiff does not allege how Shopify USA could possibly be involved in this action in any way. *See generally* FAC. It isn't. Shopify USA is the wholly-owned U.S. subsidiary of Shopify Inc. Declaration of Erin Zipes in Support of Motion to Dismiss ("Zipes Decl."), filed concurrently with this Motion, ¶ 4. Shopify Inc. is a leading cloud-based, multi-channel commerce platform designed for small and medium-sized businesses. Zipes Decl., ¶ 2. Merchants, including Plaintiff, use the Shopify Inc. software to design, set up, and manage their stores across multiple sales channels, including web, mobile, social media, marketplaces, brick

and mortar locations, and pop-up shops. *Id.* While merchants around the world leverage Shopify Inc.'s software and services, Shopify Inc. is a Canadian corporation with its principal place of business in Ottawa, Ontario.  Zipes Decl., ¶ 3. Although the allegations of the FAC appear to relate to merchants, called www.zeeshirtcollection.com and www.teefoxt.com, using the services of Shopify Inc., Shopify Inc. is not named as a defendant in the FAC.  *See generally* FAC.

Shopify USA, the entity named as a defendant in the FAC, is a Delaware corporation and maintains its principal place of business in San Francisco, California. *Id.* Shopify USA and Shopify Inc. are separate and distinct entities. *Id.*, ¶ 4; *see also Pokemon Co. Int'l, Inc. v. Shopify Inc.*, 2017 WL 697520, at *4 (N.D. Cal. Feb. 22, 2017) (finding that Shopify Inc. and Shopify (USA) Inc. are separate entities). Though Plaintiff appears to conflate the two entities, Shopify USA does not provide an ecommerce platform to small businesses, like zeeshirtcollection.com and teefoxt.com. Zipes Decl., ¶ 5. In fact, most Shopify USA employees, including those residing in New York, do not even do work related to Shopify Inc.'s core ecommerce business, but instead provide marketing and fulfillment services to help Shopify Inc. merchants run their businesses. *Id.*, ¶¶ 4-5. Shopify USA is not registered with the Secretary of State in New York to do business and does not maintain an office in New York. *Id.* The majority of Shopify USA's 86 employees are based in California; only 12 employees work remotely from New York. *Id.*

Plaintiff is well-aware of the differences between defendant Shopify USA and nonparty Shopify Inc., as well as the lack of personal jurisdiction over either entity, as another Court in this District recently dismissed a nearly-identical lawsuit brought by Mr. Lopez against both Shopify entities. *See Lopez v. Shopify Inc., et al.*, 2018 WL 481891.

### B.   Plaintiff's Business, Including His Shopify Store

Plaintiff alleges that he has operated a business with the trade name L.E.S. Clothing Co. since the late nineties. FAC ¶¶ 42-46. Since that time, Plaintiff alleges that he has been selling

headwear, t-shirts, and other items bearing trademark logos, including "Lowest East Side" and

"LES NYC" trademarks, through his website www.lesclothing.com. *Id.*

Plaintiff alleges that he owns New York State Trademark Registrations (No. R31067 and

R32849) for the "Lower East Side" trademark. FAC, ¶ 58 & Ex. A. Plaintiff also alleges that he

owns a Federal Trademark Registration (No. 4,549,880) for the "LES NYC" trademark. *Id.* ¶ 59

& Ex. B. Plaintiff also claims "joint ownership" in another Federal Trademark Registration (No.

2,416437) for the "Lower East Side" trademark. FAC, ¶ 65 & Ex. F.

Plaintiff's website www.lesclothing.com uses the Shopify Inc. ecommerce platform.

Zipes Decl., ¶ 6, Ex. B; see also FAC ¶ 175. As a Shopify Inc. merchant client, Plaintiff

consented to the Shopify Inc. TOS. *See id.*[2] The Shopify Inc. TOS state, in relevant part:

- The Terms of Service shall be governed by and interpreted in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein, without regard to principles of conflicts of laws. The parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service. The United Nations Convention on Contracts for the International Sale of Goods will not apply to these Terms of Service and is hereby expressly excluded. Zipes Decl., Ex. A, Section 3(2).

- You acknowledge and agree that Shopify may amend these Terms of Service at any time by posting the relevant amended and restated Terms of Service on Shopify's website, available at https://www.shopify.com/legal/terms and such amendments to the Terms of Service are effective as of the date of posting. Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service. If you do not agree to any changes to the Terms of Service, do not continue to use the Service. *Id.*, Section 3(3).

- We may, but have no obligation to, remove Store Content and Accounts

---

[2] A court may consider extrinsic materials that the plaintiff knew of or possessed and relied upon in framing the complaint. *Takamiya v. DNP Am., LLC*, 2016 WL 4030861, at *2 (S.D.N.Y. Jul. 25, 2016), *appeal dismissed sub nom. TAKAMIYA v. DNP AMERICA LLC.* (Sept. 7, 2016). As Plaintiff's website www.lesclothing.com is run on the Shopify Inc. platform (FAC ¶ 175), Plaintiff necessarily consented to and thus knew of the Shopify TOS.

> containing content that we determine in our sole discretion are unlawful, offensive, threatening, libelous, defamatory, pornographic, obscene or otherwise objectionable or violates any party's intellectual property or these Terms of Service. *Id.*, Section 4(3).

- Shopify does not pre-screen Product Search Content and we may refuse or remove any Product Search Content on the Product Search Site at any time and in our sole discretion. We may, but have no obligation to, review and remove Product Search Content containing content that we determine in our sole discretion is unlawful, offensive, threatening, libelous, defamatory, counterfeit, pornographic, obscene or otherwise objectionable or in violation of any intellectual property rights or the Terms of Service. *Id.*, Section 12(2).

- Shopify supports the protection of intellectual property and asks Shopify merchants to do the same. It's our policy to respond to all notices of alleged copyright infringement. If someone believes that one of our merchants is infringing their intellectual property rights, they can send a DMCA Notice to Shopify's designated agent using our form. Upon receiving a DMCA Notice, we may remove or disable access to the material claimed to be a copyright infringement. Once provided with a notice of takedown, the merchant can reply with a counter notification using our form if they object to the complaint. The original complainant has 14 business days after we receive a counter notification to seek a court order restraining the merchant from engaging in the infringing activity, otherwise we restore the material. For more information, see our DMCA Notice and Takedown Procedure. *Id.*, Section 17.

Plaintiff alleges that two merchant clients –www.zeeshirtcollection.com and www.teefoxt.com (erroneously alleged as Shopify USA "users" rather than those of Shopify Inc., *cf.* Zipes Decl., ¶ 5) – offer for sale clothing promoted under Plaintiff's Lower East Side and LES NYC trademarks. FAC ¶¶ 109-115 & 173-178. Plaintiff further alleges that "Shopify provides its online store platform" to additional clothing retail businesses "that are based out of New York City." *Id.* ¶ 179. Finally, Plaintiff alleges upon information and belief that over 200 "Shopify account users" reside and conduct business in New York County and New York City, and that upon information and belief that "Defendant Shopify's account users ship products that infringe Plaintiff's trademarks into New York County...." *Id.* ¶¶ 180-81.

As to zeeshirtcollection.com only, Plaintiff claims that he provided Shopify USA with "an Infringement Notice but it failed to act expeditiously in removing the infringing content as

requested by Plaintiff." *Id.* ¶ 173. Here, Plaintiff actually sent his initial claimed notice of infringement to Shopify Inc. on December 27, 2017. *See* Zipes Decl., ¶¶ 7-8 & Exs. C-D. The following day, on December 28, 2017, Shopify Inc. notified him that the infringing content listed in the Notice of Infringement was removed. *Id.* However, Plaintiff had already filed his First Amended Complaint in this Action on December 27, 2017. *See* ECF No. 39.

Based on the factual allegations above, Plaintiff has sued Shopify USA for federal and state trademark infringement, unfair competition, and unjust enrichment. FAC ¶¶ 364-385. Plaintiff has previously conceded that filing such lawsuits is a "paper game" that had increased "media attention" and "add[ed] a little hype and buzz" to his business. *See* Declaration of Zachary J. Alinder in Support of Motion to Dismiss ("Alinder Decl."), filed concurrently with this Motion, ¶ 2. Since 2010, Mr. Lopez has filed more than 30 similar lawsuits against a variety of internet entities, including Google, Instagram, and Tumblr. *See* Alinder Decl., ¶ 3. And, like the recently dismissed *Lopez v. Shopify Inc. and Shopify (USA) Inc.* action, 2018 WL 481891, the current action has no legal or jurisdictional basis as to Defendant Shopify USA.

## III.   12(B) MOTION TO DISMISS STANDARD

**Rule 12(b)(2).** "When responding to a Rule 12(b)(2) motion to dismiss . . . the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

**Rule 12(b)(3).** Likewise, "[u]pon a motion to dismiss under Rule 12(b)(3) the Plaintiff has the burden of pleading venue." *Person v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). Courts in this Circuit dismiss complaints for improper venue where a valid forum

selection clause exists, like here. *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011), citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).

**Rule 12(b)(6)**. Finally, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, quoting Fed. R. Civ. Proc. 8(a)(2).

## IV.   THE COURT LACKS PERSONAL JURISDICTION OVER SHOPIFY USA

As a preliminary matter, Plaintiff does not – and cannot – plead facts sufficient for the Court to exercise personal jurisdiction over Shopify USA.

### A.   There Is No General Personal Jurisdiction Over Shopify USA

To determine general personal jurisdiction over individual defendants, a court first looks to the law of the state in which the district court sits. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Thus, here the Court must look to New York's personal jurisdiction statutes to determine whether Plaintiff has demonstrated personal jurisdiction over Shopify USA. *See* N.Y. CPLR § 301, CPLR § 302. If jurisdiction is found, then the Court must determine whether the exercise of such jurisdiction under New York law satisfies the federal due process requirements of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985), quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

CPLR § 301 provides that a New York court "may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." New York courts have interpreted Section 301 to exercise jurisdiction over an out-of-state corporation that "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its presence in New York is warranted." *Sonera Holding B. V. v. Cukurova Holding A. S.*, 750 F.3d 221, 224 (2d Cir. 2014). However, the broad language of the CPLR was subsequently limited by the Supreme Court's holding in *Daimler AG v. Bauman*, 134 S. Ct. 746, 748-49 (2014). Post-*Daimler*, it is no longer enough for a non-domiciliary corporation to engage in any "continuous and systematic" activities within the forum state to establish general personal jurisdiction; "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762, n. 20. The "paradigm bases" for determining whether a corporation is at home in the forum state are "the place of incorporation and principal place of business." *Id.* at 760. General personal jurisdiction may also arise in the "*exceptional case*" where "a corporation's operations in a forum ... may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n. 19 (emphasis added).

Here, these paradigm bases for general jurisdiction are not remotely satisfied. Plaintiff acknowledges that Shopify USA is incorporated in Delaware and has a place of business in San Francisco, California. FAC ¶ 18. Further, Shopify USA is not registered to do business in New York and does not maintain an office in New York. Zipes Decl., ¶ 4. Indeed, the vast majority of Shopify USA's employees are based in California. *Id.* Only 12 of Shopify USA's 86 employees are located in New York, and those employees work remotely as Shopify USA does not maintain offices in New York. *Id.* Thus, this is also not an "exceptional case" in which general personal jurisdiction may be exercised over Shopify USA based on substantial operations in New York. In short, Plaintiff does not, and cannot possibly in good faith, allege any grounds for this Court to

exercise general personal jurisdiction over Shopify USA, as none exists.

## B.     There Is No Specific Personal Jurisdiction Here Either

New York has codified the requirements for specific personal jurisdiction at CPLR § 302.

As applied here, Section 302 allows personal jurisdiction to lie only if Plaintiff's FAC asserts

claims that are related to the following acts by Shopify USA within New York state:

> 1. transact[ion of] any business within [New York State] or contracts anywhere to supply goods or services in the state; or
> 2. [commission of] a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. [commission of] a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. own[ership], use[] or possess[ion of] any real property situated within the state.

CPLR § 302(a)(1)-(4). Plaintiff does not, and cannot, meet this burden.

### 1.     There Is No Personal Jurisdiction Under CPLR § 302(a)(1)

Under Section 302(a)(1), "a court must decide (1) whether the defendant 'transacts any

business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business

transaction." *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir. 2012). "A suit will be

deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a

substantial relationship, between the claim asserted and the actions that occurred in New York."

*Id.* at 66. There are no such allegations in the FAC.

Instead, Plaintiff concludes (without any factual support) that "[t]his Court has personal

jurisdiction over the Defendants because Defendants engage in continuous business activities in,

and directed to the State of New York within this judicial district and because Defendants have

committed tortuous [*sic*] acts aimed at and causing harm within the State of New York and this judicial district." FAC ¶ 3. Plaintiff also asserts that one new Defendant Teefoxt.com and "over 200 account users on its online platform" reside and conduct business activities in New York. *Id.*, ¶¶ 12, 109-15, & 178-81. These assertions merely recite the elements of Section 302, but fail to meet the minimal requirements of Section 302(a)(1). Mr. Lopez's allegations therefore all relate to the actions of third party merchants, not actions of Shopify USA.  Thus, while he has alleged that some of non-party Shopify Inc.'s customers conduct business in New York, Plaintiff does not specify any actual conduct by Defendant Shopify USA occurring in New York. *See id.*; *see also* Zipes Decl., ¶ 5. Nor is there any articulable nexus between any purported activities by Shopify USA in New York and the causes of action identified in the FAC. *See id.*

The reason Plaintiff has failed to allege any nexus is because there is none. Instead, Plaintiff's lawsuit concerns his allegations that third party merchants have been selling allegedly infringing goods using the ecommerce platform provided by non-party Shopify Inc., erroneously alleged as Shopify USA. FAC ¶¶ 175-81; Zipes Decl., ¶ 5. Thus, the only connection with New York is that Mr. Lopez claims that third party merchants sell allegedly infringing goods there and that Plaintiff happens to be located here.[3] Accordingly, there is no chance that Plaintiff can meet his burden of pleading specific personal jurisdiction under Section 302(a)(1) as to Shopify USA.

### 2.    There Is No Personal Jurisdiction Under CPLR § 302(a)(2)

Under Section 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). Plaintiff

---

[3] Indeed, to the extent that Plaintiff's claims relate to New York because his business, hosted on the Shopify Inc. platform, is located there, that only further confirms, as set forth below, that the mandatory forum selection in the Shopify TOS requires dismissal in favor of Canada.

does not identify any specific tortious acts committed by Shopify USA, and does not explain how its claims arise from any of Shopify USA's conduct. In fact, Plaintiff has not identified any specific tortious acts that occurred within New York, either by Shopify USA or any third party. He only alleges that Defendant Teefox has its place of business in New York (FAC ¶ 12), and "[u]pon information and belief" that "Defendant Shopify has over 200 account users on its online platform" that reside and conduct business in New York and that some unnamed Shopify "account users ship products that infringe Plaintiff's trademarks into New York County in relations to sales they generate from the Shopify ecommerce platform." *Id.* ¶¶ 180-81; *cf.* Zipes Decl., ¶ 5. In short, Plaintiff's allegations simply fail to allege any tortious conduct by Shopify USA whatsoever, including within the state of New York, as required by Section 302(a)(2).

### 3.    There Is No Personal Jurisdiction Under CPLR § 302(a)(3)

To establish jurisdiction under § 302(a)(3), a plaintiff must show that: (1) the defendant committed a tortious act outside New York; (2) the claim arose from that tortious act; and (3) the act caused injury to a person or property within New York. *See Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006), citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000). To establish personal jurisdiction, an intellectual property owner is "obligat[ed], in each case, to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property rights . . ." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013). Plaintiff does not identify any specific tortious acts committed by Shopify USA, does not explain how his claims arise from any of Shopify USA's conduct, and does not allege that Shopify USA has caused injury to any person or property within New York. FAC ¶¶ 109-115 & 173-181; cf. Zipes Decl., ¶ 5. Indeed, as he concedes, his allegations arise from "a dispute of a third party user of the Shopify platform that is offering clothing items that infringes Plaintiff's" trademarks. FAC

¶ 175. As such, there can be no personal jurisdiction under § 302(a)(3).

### 4.    There Is No Personal Jurisdiction Under CPLR § 302(a)(4)

"CPLR § 302(a)(4) is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property *per se* a basis of jurisdiction." *Aluminal Indus., Inc. v. Newtown Commercial Assocs.*, 89 F.R.D. 326, 329 (S.D.N.Y. 1980). Plaintiff has not alleged (nor can he) that his claims arise from Shopify USA's ownership, use, or possession of any real property in New York. As such, Plaintiff cannot possibly allege that personal jurisdiction is proper under CPLR § 302(a)(4).

As set forth above, there is simply no plausible basis to assert general or personal jurisdiction over Shopify USA here, requiring dismissal pursuant to Fed. R. Civ. Proc. 12(b)(2).

## V.    THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE

In addition, the Court should dismiss the FAC based on mandatory forum selection clause in favor of Canada in the Shopify TOS. Under established Second Circuit law, forum selection clauses may be enforced through a Rule 12(b) motion. *TradeComet.com*, 647 F.3d at 475.

In determining whether to dismiss a complaint for improper venue based on a forum selection clause, the moving party must establish that: (1) the forum selection clause was reasonably communicated to the party resisting enforcement; (2) the forum selection clause was mandatory, rather than permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause. *Phillips*, 494 F.3d at 383; *see also TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 381 (S.D.N.Y. 2010) (granting motion to dismiss). After establishing these factors, the burden then shifts to Plaintiff to rebut the presumption of enforceability of the forum selection clause.  *See id.*

### A.    The Forum Selection Clause Was Reasonably Communicated to Plaintiff

Plaintiff signed up for Shopify Inc.'s service on August 14, 2014. *See* Zipes Decl., ¶ 6;

*see also* FAC ¶ 175 (conceding that "Plaintiff is an account holder himself and offers his own LES Clothing Co. products and store front under the Shopify ecommerce platform...."). In doing so, he agreed to the Shopify TOS, as they explicitly state: "By signing up for the Shopify service ("Service") or any of the services of Shopify Inc. ("Shopify") you are agreeing to be bound by the following terms and conditions ("Terms of Service")." Zipes Decl., ¶ 6 & Exs. A-B. It further states up front that "You must read, agree with and accept all of the terms and conditions contained in this Terms of Service agreement ... before you may become a Shopify user." *Id.*, Ex. A. It also states: "Your continued use of the Services after the amended Terms of Service are posted to Shopify's website constitutes your agreement to, and acceptance of, the amended Terms of Service." *Id.* at § 3(3). And, as relevant here, the TOS contains a clear Forum Selection Clause in favor of "Province of Ontario" in Canada. *Id.* at § 3(2).

"District courts in this Circuit have found that clickwrap agreements that require a user to accept the agreement before proceeding are 'reasonably communicated' to the user for purposes of this analysis." *TradeComet.com*, 693 F. Supp. 2d at 377 (citations omitted). As such, the forum selection clause here was reasonably communicated to Mr. Lopez. Zipes Decl., ¶ 6.

### B.     The Language of the Forum Selection Clause is Mandatory

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *TradeComet.com*, 693 F. Supp. 2d at 378, quoting *Phillips,* 494 F.3d at 386. Thus, the forum selection clause here is mandatory as it requires that the "parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute or claim arising out of or in connection with the Terms of Service." Zipes Decl., Ex. A at § 3(2).

### C.     Plaintiff's Claims Are Subject To The Forum Selection Clause

While, as set forth below, there can be no liability against Shopify USA for alleged

infringement or other unlawful conduct by a third party, to the extent that Plaintiff believes he has any claim against Shopify USA directly, such a claim necessarily arises out of or in connection with the merchant services provided pursuant to the Shopify TOS. The TOS covers not only Plaintiff's quasi-contractual claim for unjust enrichment but also the intellectual property on a merchant's page, like Plaintiff. *See* Section II.B. above. It also covers Mr. Lopez's claims that other third party merchants on the Shopify platform were allegedly unfairly competing with him and infringing his intellectual property, as they and him are both Shopify merchants subject to the TOS. *See id.*; *cf.* FAC ¶¶ 109 & 173-75. Indeed, the TOS makes it clear that store content and related intellectual property rights are both the merchant's property and its responsibility to ensure "compliance of Store Content with any applicable laws or regulations." Zipes Decl., Ex. A at § 7(3). Further, the TOS also explicitly incorporates the Shopify DMCA notice and takedown procedure. *Id.*, at § 17. Thus, even if Plaintiff has a dispute concerning Shopify's handling of allegedly infringing content by a third party merchant (*see, e.g.,* FAC ¶ 174), the TOS governs here and the Canadian Forum Selection Clause applies.

### D.    Non-Signatory Shopify USA May Enforce the Forum Selection Clause

Furthermore, it is well-established that a non-signatory defendant (like Shopify USA) may still enforce a forum selection clause against a signatory when the non-signatory is closely related to another signatory. *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013). "Closely related" means that "the relationship between the non-signatory and that (latter) signatory must be sufficiently close that the non-signatory's enforcement of the forum selection clause is 'foreseeable' to the signatory against whom the non-signatory wishes to enforce the forum selection clause." *Id.*; *see also KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386 (S.D.N.Y. 2011) (collecting cases). Here, Shopify USA is closely related to Shopify Inc., the signatory to the forum selection clause with Plaintiff. *See* Zipes Decl.,

¶ 6. Not only is Shopify USA a subsidiary of Shopify Inc., but indeed, Mr. Lopez actually conflates Shopify USA with Shopify Inc. in making his allegations that Shopify USA "is an ecommerce business that provides a platform and online store to third party users," like himself. FAC ¶¶ 173-175; *see* Zipes Decl., ¶ 6. Thus, as the FAC makes clear, any claims against Shopify USA are completely derivative of, and predicated upon, alleged actions of "third party user[s] of the Shopify platform." FAC ¶ 175. Moreover, Shopify USA's enforcement of the forum selection clause is foreseeable, as Plaintiff concedes that his own clothing store operates "under the Shopify ecommerce platform," and that his claims against Shopify are premised on merchant users like himself that he believes are infringing Plaintiff's trademarks on their own stores that are allegedly operating on the "Shopify platform" itself. FAC ¶¶ 173-75.

In short, the Court should also dismiss the FAC for improper venue, in favor of the agreed Canadian Forum Selection Clause, pursuant to Fed. R. Civ. Proc. Rule 12(b)(3).

## VI.   THE FAC FAILS TO STATE A CLAIM FOR RELIEF AGAINST SHOPIFY USA

In addition, Plaintiff also cannot plausibly allege facts sufficient to state any claim for relief against Shopify USA, requiring dismissal under Fed. R. Civ. Proc. Rule 12(b)(6).

### A.   Plaintiff Fails to State A Claim for Trademark Infringement or Unfair Competition (Claims 1 through 3)

Each of Mr. Lopez's first three causes of action for federal and state trademark infringement and federal unfair competition suffers from significant and incurable pleading defects, requiring dismissal with prejudice. FAC ¶¶ 364-374.

To prevail on a direct Lanham Act claim, Mr. Lopez must establish that Shopify USA "used the mark...in commerce." *1-800 Contacts, Inc. v. WhenU.Com, Inc.,* 414 F.3d 400, 406-07 (2d Cir. 2005); *see also Lopez v. Bigcommerce, Inc.*, 2017 WL 3278932, *3 (S.D.N.Y August 1, 2017) (dismissing trademark claims for failing to sufficiently allege use in commerce). Likewise, "[t]he standard for trademark infringement and unfair competition under the Lanham Act is

virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith." *TechnoMarine SA v. Jacob Time, Inc.*, 2012 WL 2497276, at *5 (S.D.N.Y. Jun. 22, 2012). Plaintiff cannot plausibly allege either element here.

First, as to "use in commerce," a mark is "deemed to be in use in commerce" when "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and the goods are transported or sold in commerce. 15 U.S.C. § 1127. Here, Plaintiff only alleges that Defendant Teefoxt and non-party zeeshirtcollection.com have allegedly infringed his trademarks and that they also use the Shopify ecommerce platform, and that "[u]pon information and belief" some unnamed Shopify "account users ship products that infringe Plaintiff's trademarks into New York County in relations to sales they generate from the Shopify ecommerce platform." FAC ¶¶ 109-115 & 181. Plaintiff further alleges that Shopify USA "has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks" on two allegedly infringing websites. *Id.* ¶¶ 113 & 177. These conclusory allegations are not sufficient. Nowhere does the FAC allege that Shopify USA transports or sells any products itself. Instead, Plaintiff merely alleges that Shopify USA provides web-based ecommerce and hosting services to third parties which he claims are directly infringing his trademarks. *See id.* But it is well settled that merely providing web-based ecommerce and hosting services to an alleged infringer does not create direct trademark liability. *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 103 (2d Cir. 2010).

Likewise, Plaintiff nowhere alleges any bad faith conduct by Shopify USA, as required to maintain his third cause of action in addition to the "use in commerce" requirement. *TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 331 (S.D.N.Y. 2016) (Bad faith "generally refers to an attempt by a junior user of a mark to exploit the good will and reputation of a senior

user by adopting the mark with the intent to sow confusion between the two companies' products."). As set forth above, Plaintiff does not, and cannot, plausibly allege any actual use by Shopify USA itself, so it follows that Plaintiff also cannot plausibly allege bad faith use in connection with such trademarks.

Nor do any of his more generalized allegations relating to all "Defendants" together help him. FAC ¶¶ 1 & 361-75. These allegations do not contain any specific allegations related to Shopify USA, and do not suggest any use in commerce by Shopify USA or bad faith. *See id.* Further, the Court should not credit any of the these "general, conclusory allegations...belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). His more specific allegations establish that Plaintiff's "dispute" relates only to alleged infringement by third party merchants on the "Shopify platform," rather than any use by Shopify USA itself. FAC ¶ 175.  The more general allegations are also insufficient to state a plausible entitlement to relief against Shopify USA under the *Twombly* standard.  *Twombly*, 550 U.S. at 557; *see also Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837(KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) ("Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants.").

Finally, Plaintiff makes no claim against Shopify USA for secondary or indirect trademark infringement.  *See* FAC ¶¶ 364-75. Even if Plaintiff had done so, his allegations fall far short of stating a trademark claim on an indirect basis. *See id.*, ¶¶ 109-15 & 173-87. Such claims would require plausible factual allegations that Shopify USA intentionally induced another party to infringe a trademark or continued to supply services to another party while contemporaneously knowing that the other party is infringing a trademark. *See Tiffany*, 600 F.3d at 107 (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 853-54 (1982)

("For contributory trademark infringement liability to lie, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary."). Here, Plaintiff has at most pled threadbare legal conclusions, asserting that Shopify USA somehow has "the ability to manage, monitor, and control the infringing activity that violates Plaintiff's trademarks." FAC ¶¶ 113 & 177. Such bare and conclusory allegations do not remotely meet Plaintiff's burden here against Shopify USA to allege <u>direct</u> control and monitoring, as well as c<u>ontemporary</u> knowledge, of the alleged infringement. *See, e.g., Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories, Ltd., et al.*, 2009 WL 4857605, *4-*7 (S.D.N.Y. Dec. 14, 2009) (dismissing contributory infringement claim). Mr. Lopez does not, and cannot possibly, make such allegations against Shopify USA here.

These pleading defects are all fatal to his claims. *See BigCommerce*, 2017 WL 3278932 at *3 (dismissing trademark and unjust enrichment claims without leave to amend).

**B.      Plaintiff Cannot State A Claim For Unjust Enrichment (Claim 5)**

The Court should also dismiss Plaintiff's remaining unjust enrichment cause of action with prejudice as to Shopify USA for at least three distinct reasons.

First, such a claim "exists only in the absence of a valid contract." *Oorah, Inc. v. Schick*, 552 Fed. App'x 20, 23 (2d Cir. 2014). Here, Plaintiff has expressly agreed to Shopify Inc.'s TOS, which is a written contract between Shopify and its users. *See* Zipes Decl., ¶ 6. Indeed, Plaintiff admits in his complaint that "Plaintiff is an account holder himself and offers his own LES Clothing Co. products and store front under the Shopify ecommerce platform...." FAC ¶ 175. Further, as set forth above, the Shopify TOS directly address the subject matter here, including but not limited to Plaintiff's intellectual property and any DMCA takedown request. Indeed, such claims are precluded even when asserted against non-signatories to the contract,

like Shopify USA. *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 165

(E.D.N.Y. 2012). As such, the contract between Shopify Inc. and Plaintiff bars this claim.

Second, even if that were not the case, Plaintiff's unjust enrichment claim would also be

barred by the Communications Decency Act ("CDA"). 47 U.S.C. § 230; *see also Ricci v.*

*Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (*quoting Zeran v. America Online,*

*Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).  In *Ricci*, the Second Circuit held that the CDA

immunized GoDaddy "from publisher liability (with respect to web content provided by others)

in its capacity as a provider on an interactive computer services" in a case with similar

allegations. *Ricci*, 781 F.3d at 28.  The CDA defines "interactive computer service" as "any

information service, system, or access software provider that provides or enables computer

access by multiple users to a computer server."  47 U.S.C. § 230(f)(2); *Ricci*, 781 F.3d at 28

("This wording has been construed broadly to effectuate the statute's speech protective

purpose...."). As such, Shopify plainly qualifies as an "interactive computer service" within

the meaning of the CDA (*see, e.g.,* Zipes Decl., ¶¶ 2-6), and indeed, Mr. Lopez himself uses

Shopify for the provision of interactive computer services to host his own online store.  *See, e.g.,*

FAC ¶ 173-180 (admitting that Plaintiff "offers his own LES Clothing Co. products and store

front under the Shopify ecommerce platform" and that Shopify "is an e-commerce business ...

and is providing hosting services" to various online clothing businesses). Thus, Shopify USA is

immune under the CDA from liability for unjust enrichment for the acts of third parties, to whom

Plaintiff alleges Shopify merely provided online hosting and ecommerce services.

Third, and finally, Mr. Lopez has not sufficiently alleged that Shopify USA was in any

way unjustly enriched, and in particular, there are no allegations of reliance or inducement here.

*See generally* FAC. "There are no indicia of an enrichment that was unjust where the pleadings

fail to indicate a relationship between the parties that could have caused reliance or inducement."

*BigCommerce*, 2017 WL 3278932 at *4. Indeed, the only relationship between the parties that is alleged relates to his own Shopify account; however, he has admitted that "this dispute does not involve any issues or disputes with Plaintiff's Shopify account...." FAC ¶ 175. Thus, Mr. Lopez has disclaimed any reliance or inducement on that basis. Accordingly, like in the *BigCommerce* case, his unjust enrichment claim here "must be dismissed." *Lopez*, 2017 WL 3278932 at *4.

## VII.   THE COURT SHOULD NOT GRANT LEAVE TO AMEND

The Court should deny leave to amend here because further amendment would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Even in a pro se case, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). This is particularly true where, as here, "the problem with the claim is substantive." *Lucia Vlad-Berindan v. NYC Metro. Transp. Auth.*, 2016 WL 1317700, at *10 (S.D.N.Y. Apr. 1, 2016).

## VIII.   CONCLUSION

For the foregoing reasons, Defendant Shopify (USA) Inc. respectfully requests that this Court dismiss Plaintiff's Fourth Amended Complaint in its entirety and without leave to amend.

DATED: July 20, 2018        SIDEMAN & BANCROFT LLP

By:      /s/ Zachary J. Alinder
        Zachary J. Alinder (*Admitted Pro Hac Vice*)
        One Embarcadero Center, Twenty-Second Floor
        San Francisco, California 94111-3711
        Telephone:    (415) 392-1960
        Facsimile:    (415) 392-0827
        Email:  zalinder@sideman.com

        *Attorneys Specially Appearing for*
        *Defendant Shopify (USA) Inc.*