USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

2018 AUG 27 PM 3:49

| | |
|---|---|
| ROBERT G. LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BONANZA.COM, INC., et al.<br><br>Defendants. | Civil Action No. 17 CV 8493 (LAP) |

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS LAURA SUMAMPOW LOPEZ AND LES STRONG NYC's MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Plaintiff, Robert G. Lopez, a Pro Se individual submits this Memorandum of Law in Opposition of Defendants Laura Sumampow Lopez and LES Strong NYC's Motion to Dismiss Plaintiff's Fourth Amended Complaint under rules 8(a)(2) and 12(b)(6).

## I. PRELMINARY STATEMENT

Plaintiff begins by noting that it is his belief that the current motion to dismiss filed by the above-named Defendants is flawed and improper as a single motion was filed on behalf of two (2) separately named Defendants in this action.

A separate motion to dismiss should have been filed for each Defendant named herein. Moreover, attorney Abraham Lichy on behalf of his clients in connection with said motion to dismiss, attempts to make joint arguments on behalf of both Defendants' that only apply to Defendant Laura Sumampow Lopez. As an example, in attorney Lichy's second paragraph of the "1. INTRODUCTORY STATEMENT," he specifically states "As an initial matter, Plaintiff already attempted to invalidate Defendants' Mark in an Opposition Proceeding in front of the

Trademark Trial and Appeal Board ("TAB") (Proceeding No. 91232792, the "Opposition"). Mr. Lichy is well aware that the opposition proceeding he was referring to was soley against Defendant Laura Sumampow Lopez and **NOT** against Defendant LES Strong NYC, Inc. Mr. Lichy is likewise undoubtedly aware that the LES STRONG NYC trademark registration is owned solely by Defendant Laura Sumampow Lopez in an individual capacity and **NOT** owned by the corporate entity Defendant LES Strong NYC, Inc.

Additionally, attorney Lichy attempts to rely on a TTAB decision that was rendered in connection with said opposition proceeding that Plaintiff commenced against Defendant Laura Sumampow Lopez and **NOT** Defendant LES Strong NYC, Inc. Accordingly, the TTAB decision, which has no Res Judicata effect in the current action, does not involve or have anything to do with the separately named Defendant LES Strong NYC, Inc.

Plaintiff also notes that prior to the filing of the subject and current motion to dismiss, Plaintiff advised attorney Lichy that the TTAB decision rendered in connection with the trademark opposition did **NOT** deal with the issue of trademark infringement and/or unfair competition. Plaintiff further informed Mr. Lichy that the decision was not controlling as it was rendered based on Plaintiff's failure to properly prosecute the opposition case as opposed to being decided by the TTAB on the issue or analysis of a likelihood of confusion between the LES NYC® and LES STRONG NYC marks.

Plaintiff further informed attorney Lichy that in the event of him seeking dismissal on these grounds and knowingly submitting misleading and fraudulent arguments to this Court, that Plaintiff would be seeking Rule 11 sanctions against him for submitting inaccurate and false statements and allegations to this Court.

Apparently, Mr. Lichy has attempted to deceive Your Honor by relying as the main basis for the current motion to dismiss on the TTAB decision, which is not controlling in regards to the current action.

This is a trademark infringement and unfair competition action that involves the unauthorized use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks in connection with the sale and offering of clothing items.

Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LOWER EAST SIDE™** and **LES NYC®** brand names. (Compl., ¶42). Since at least as early as 1999, Plaintiff has been operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and various other clothing items under the marks **LOWER EAST SIDE™** and **LES NYC™**. (Compl., ¶43).

Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business. (Compl., ¶55).

Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof. (Compl., ¶56).

Plaintiff licenses the **LOWER EAST SIDE™** and **LES NYC®** marks to third party clothing companies to be used on clothing goods under his direct control and authorization. (Compl., ¶57).

Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**. (Compl., ¶58).

Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™** and **LOYALTY EQUALS STRENGTH NEW YORK CITY**. (Compl., ¶59).

While it is an easy and convenient argument for any Defendant to make of Plaintiff being a trademark troll or serial litigator that initiates frivolous lawsuits, Plaintiff is simply a small business owner that has aggressively enforced his ownership rights in the trademarks he has built under his clothing company.

When Plaintiff began securing trademarks and copyrights for his brand and design business assets back in 2007, it was not for the purpose of initiating lawsuits but rather to have protection in place for the names and designs he was utilizing in building his business.

However, as a right holder in the aforementioned marks, Plaintiff has actively policed his trademarks and other intellectual property rights by previously enforcing his ownership and use rights in the **LOWER EAST SIDE™** and **LES NYC®** marks against various clothing retailers, online service providers and/or website hosting companies. (Compl., ¶ 67). In fact, it is a trademark owners responsibility and obligation (to maintain its rights in a mark) to enforce his/her rights in a trademark when they/it become aware of third party uses that may infringe upon their ownership and use rights in the registered mark.

Plaintiff does indeed actively promote his litigation pursuits via his social media accounts to act as a deterrent and prevent additional parties from utilizing his trademarks in connection with the sale and offering of clothing products. It is essential for Plaintiff to do so based on the widespread use of Plaintiff's trademarks by third party companies and individuals.

In the current action, Defendant Laura Sumampow Lopez and Defendant LES Strong NYC, Inc. are using the LES STRONG NYC mark that has already caused many instances of actual confusion in relation to the products offered and sold by Plaintiff under his LOWER EAST SIDE™ and LES NYC® trademarks.

As admitted and stated by Defendant Laura Sumampow Lopez and Defendant LES Strong NYC, Inc. in their motion to dismiss, "II. FACTUAL BACKGROUND," "The Lower East (LES) is a neighborhood in Manhattan..." "Both the Plaintiff and Defendant were born and raised in this specific area of New York City." Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc. also admit and acknowledge that Plaintiff has been promoting and selling his apparel collection since 1997 and been operating his L.E.S. Clothing Co. company since at least 1999. Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc. further acknowledge that throughout the course of Plaintiff operating his business and offering clothing under his LES NYC® and LOWER EAST SIDE™ trademarks, that "Over time he (referring to Plaintiff) has become a bit of a neighborhood celebrity, ..." In Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s own words they also acknowledge that they were aware of Plaintiff's trademark infringement lawsuits as Plaintiff promotes the same via his social media accounts. and also acknowledge that Plaintiff's litigation pursuits have been covered by several news sources.

Most telling and in an admission of willful infringement, is the fact that despite knowing of Plaintiff's business and use of the marks LOWER EAST SIDE™ and LES NYC® in connection with clothing, that "In 2015 Ms. Sumampow Lopez decided to start a clothing brand to celebrate the Lower East Side community. She chose to call it "LES Strong."

In essence, Defendant Laura Sumampow Lopez admitted that after years of Plaintiff building good will and recognition in the marks LOWER EAST SIDE™ and LES NYC® in connection with the sale and offering of clothing under such marks that she just came out of nowhere in 2015 and started a very similar and confusingly brand to celebrate the Lower East Side. Defendant Laura Sumampow's actions have been willful since the day she started her LES Strong NYC business and she has attempted to divert Plaintiff's customers to buying her clothing products believing that the products come from one and the same source.

As stated and alleged in paragraph 341. of Plaintiff's Fourth Amended Complaint, Defendants LES Strong NYC and Laura Sumampow Lopez have in essence added the single word and term "STRONG" to Plaintiff's LES NYC® trademark and have claimed ownership in the mark LES STRONG NYC. It is well established under trademark law that the addition of a word to a registered trademark does not eliminate likelihood of confusion in a mark. As an example, a later user cannot take the registered trademark **DKNY®** (abbreviated form of **DONNA KARAN NEW YORK**) and add **DKNY STRONG** and believe it is their own brand and trademark. Similarly, a junior user cannot take the registered trademark **AEROPOSTALE NYC®** and add the word "**STRONG**" to it as in **AEROPOSTALE STRONG NYC** and believe that they have created a separate and distinct mark that will not cause confusion with the senior users almost identical mark. (Compl. ¶ 341.)

In regards to the opposition proceeding that Plaintiff initiated against Defendant Laura Sumampow's then pending trademark application, Plaintiff states the following:

When a trademark application is approved by an Examining Attorney at the United States Patent and Trademark Office ("USPTO"), third parties have an opportunity to oppose the registration by filing a Notice of Opposition within a thirty (30) day time period from when the

mark is published in the Official Gazette. Defendant Laura Sumampow's trademark application for the LES STRONG NYC mark published for opposition on October 11, 2016. On October 18, 2016, Plaintiff filed a 90 day extension request in which to file an opposition against said trademark application. The extension request was granted by the Trademark Trail and Appeal Board ("TTAB") and granted Plaintiff until February 8, 2017 to file a Notice of Opposition against the LES STRONG NYC trademark application. (See Exhibit A of the Declaration of Robert G. Lopez in Opposition of Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s Motion to Dismiss.)

In an effort at opposing the LES STRONG NYC trademark application within the time frame allowed under the law in which the TTAB granted to Plaintiff, Plaintiff indeed filed his Notice of Opposition against the LES STRONG NYC trademark application on February 8, 2017. (See Exhibit B of the Declaration of Robert G. Lopez in Opposition of Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s Motion to Dismiss.)

As grounds for the opposition, Plaintiff cited priority and likelihood of confusion with his LES NYC® mark but did **NOT** allege trademark infringement and/or unfair competition which are the claims set forth in Plaintiff's Fourth Amended Complaint.

Although Plaintiff commenced the opposition proceeding to take advantage of the opportunity at opposing the registration of the LES STRONG NYC mark, Plaintiff did not prosecute the case as he was overwhelmed with matters involving the operation of his business under the LES NYC® and LOWER EAST SIDE™ marks.

During the time period in which Plaintiff filed the Notice of Opposition, Plaintiff also had several other infringement cases pending in the SDNY Court against unrelated parties that

prevented Plaintiff from devoting the proper time and attention to the opposition proceeding he commenced against the LES STRONG NYC trademark application.

After approximately 10 months of Plaintiff commencing the opposition proceeding and not gathering any testimony or sending any discovery requests to Defendant Laura Sumampow Lopez, her attorney filed a motion for judgment with the TTAB stating "Opposer has failed to take any testimony in this matter and has failed to introduce any evidence in support of his Notice of Opposition, and the time to do so has expired. (See Exhibit C of the Declaration of Robert G. Lopez in Opposition of Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s Motion to Dismiss.)

Plaintiff was so overwhelmed with work and business related matters at this time that he did not even attempt to oppose or answer Defendant Laura Sumampow Lopez's motion for judgement.

As a result of not responding to the motion for judgment, the motion was granted as conceded and the opposition was dismissed with prejudice. (See Exhibit D of the Declaration of Robert G. Lopez in Opposition of Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s Motion to Dismiss.)

Despite the aforementioned, and as stated earlier, there is nothing that legally prevents Plaintiff from initiating a Petition for Cancellation with the TTAB seeking to cancel Defendant Laura Sumampow Lopez's LES STRONG NYC trademark registration as such earlier ruling was only in relation to the opposition proceeding that was commenced against the then pending trademark application.

This issue before this Court is that of trademark infringement and unfair competition. Since the Court has the power and authority to also cancel the LES STRONG NYC trademark

registration, Plaintiff has also sought in the Prayer for Relief of the Fourth Amended Complaint that the LES STRONG NYC registration be cancelled. However, in no way does Plaintiff's Fourth Amended Complaint attempt to navigate around the process or procedure of filing an appeal against the TTAB's decision in the opposition proceeding and Plaintiff's claims of trademark infringement and unfair competition create a new controversy before this Court that have not been decided in the opposition proceeding. The TTAB dismissal of the opposition proceeding did not render a judgment on the merits of priority, likelihood of confusion and could NOT have rendered any judgment on the claims of trademark infringement or unfair competition as the claims of trademark infringement and unfair competition were never placed before the TTAB. Accordingly, Plaintiff claims that are the subject of his Fourth Amended Complaint are **NOT** barred by Res Judicata.

Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc. seek dismissal of Plaintiff's Fourth Amended Complaint under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

Plaintiff Robert G. Lopez's Fourth Amended Complaint is properly pleaded and provides more than generalized statements and allegations against Defendants Laura Sumampow Lopez and Defendant LES Strong NYC, Inc. and sufficiently states a cause of action against both Defendants' as well as all of the other named Defendants in this action.

FRCP Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief.

Compl., ¶ 1 of the pleading contains the statement and allegations:

## NATURE OF THE ACTION

> **This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, LOWER EAST SIDE™ and LES NYC®, in conjunction with clothing and related goods. Despite Plaintiff being the registered owner of the trademarks LOWER EAST SIDE™ and LES NYC® and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by manufacturing, printing, producing, promoting, selling, and offering for sale clothing items under Plaintiff's trademarks. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademarks and copyrights.**

In regards to providing a short and plain statement of the claim showing that Plaintiff is entitled to relief in regards to Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s conduct and involvement in the infringement of my trademarks, Plaintiff stated in ¶¶'s 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, and 345 the following:

**330. Defendant LES Strong NYC, Inc. is a small local business founded and operated by Laura Sumampow Lopez, who is a long-time resident and born and raised in the Lower East Side.**

**331. Upon information and belief, Defendant LES Strong NYC is manufacturing, printing, marketing, promoting, selling and offering for sale various t-shirts, caps and other clothing items bearing Plaintiff's LOWER EAST SIDE™ and LES NYC® marks which violate Plaintiff's trademark rights in the aforementioned marks.**

**332. Defendants LES Strong NYC and Laura Sumampow Lopez use the "LES" and "NYC" acronyms of the LES STRONG NYC mark to refer to and represent LOWER EAST SIDE STRONG NEW YORK CITY.**

**333. Defendants LES Strong NYC and Laura Lopez's use of the aforementioned mark in connection with clothing infringes Plaintiff's LES NYC® trademark registration which is an acronym and abbreviation for the mark LOWER EAST SIDE NEW YORK CITY™.**

**334. Defendants LES Strong NYC and Laura Sumampow Lopez's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the LOWER EAST SIDE™ and/or LES NYC® marks.**

**335. Defendants LES Strong NYC and Laura Sumampow Lopez had knowledge of Plaintiff's long standing ownership rights in the LOWER EAST SIDE™ and LES NYC® marks.**

**336. Defendant's LES Strong NYC and Laura Sumampow Lopez were aware of Plaintiff's flagship LES Clothing Co.™ store and business of selling LOWER EAST SIDE™ and LES NYC® related apparel well before beginning to sell her LES STRONG NYC clothing which began in 2015.**

**337. Defendant's LES Strong NYC and Laura Sumampow Lopez were aware of the popularity of Plaintiff's LOWER EAST SIDE™ and LES NYC® and was aware of Plaintiff's website and social media accounts including but not limited to Plaintiff's Facebook account under the name LES TEEZ™.**

**338. Defendant's LES Strong NYC and Laura Sumampow Lopez have even utilized residents and customers of Plaintiff and his LES Clothing Co.™ business that plaintiff has utilized as models and in product advertisements and promotions of LES Clothing Co.™ items to promote her own LES STRONG NYC clothing to deceive and confuse the public into believing that the products come from one and the same source.**

**339. Defendants LES Strong NYC and Laura Sumampow's acts of infringement have been willful and in a blatant disregard for Plaintiff's ownership rights in the LOWER EAST SIDE™ and LES NYC® marks.**

**340. Defendants LES Strong NYC and Laura Sumampow Lopez have attempted to free ride on the good will and reputation Plaintiff has built in the LOWER EAST SIDE™ and LES NYC® trademarks and their actions were in bad faith in adopting Plaintiffs marks in connection with clothing.**

**341. Defendants LES Strong NYC and Laura Sumampow Lopez have in essence added the single word and term "STRONG" to Plaintiff's LES NYC® trademark and have claimed ownership in the mark LES STRONG NYC. It is well established under trademark law that the addition of a word to a registered trademark does not eliminate likelihood of confusion in a mark. As an example, a later user cannot take the registered trademark DKNY® (abbreviated form of DONNA KARAN NEW YORK) and add DKNY STRONG and believe it is their own brand and trademark. Similarly, a junior user cannot take the registered trademark AEROPOSTALE NYC® and add the word "STRONG" to it as in AEROPOSTALE STRONG NYC and believe that they have created a separate and distinct mark that will not cause confusion with the senior users almost identical mark.**

**342. Defendant's LES Strong NYC, Laura Sumampow Lopez and L.E.S. Forsyth Family Reunion Corp. operate in conjunction with each other and conduct their business activities in promoting apparel and operating a clothing business that sells clothing items that infringe on Plaintiff's trademarks.**

**343. Defendant Laura Sumampow Lopez, as the founder, owner and executive Member of Defendants LES Strong NYC and as a director and agent of L.E.S. Forsyth Family Reunion Corp. has the right and ability to supervise the infringing activity alleged herein, and has a direct financial interest in Defendant LES Strong NYC, and as such is jointly and severally liable with Defendant LES Strong NYC.**

**344. Defendant Steve-Ike Realty Corp., in conjunction with Defendants LES Strong NYC and Laura Sumampow Lopez using Plaintiff's LOWER EAST SIDE™ and LES NYC® trademarks in commerce are running and operating the day to day business activities of the LES Strong NYC and are engaged in acts of infringement against Plaintiff's intellectual property rights by selling and offering for sale t-shirts and other clothing items and these activities are being conducted from the Steve-Ike Realty Corp. office location at 57 West 38th Street – Room 402, New York, NY 10018.**

**345. The LES Strong NYC, Laura Sumampow Lopez, L.E.S. Forsyth Family Reunion Corp., and Steve-Ike Realty Corp. Defendants are jointly and severally liable for infringement of Plaintiff's trademarks.**

## III. ARGUMENT

Defendants Laura Sumampow Lopez and LES Strong NYC, Inc. seek dismissal of Plaintiff's Fourth Amended Complaint under Fed. R. Civ. P. 8(a)(2) and 12(b)(6). Under Rule 8(a)(2), Plaintiff's Fourth Amended Complaint indeed provides a short and plain statement of the claims showing that the pleader is entitled to relief against Defendants Laura Sumampow Lopez and LES Strong NYC, Inc.. On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see Erickson v. Pardus, 127 S. Ct. 2197, 2199 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in Bell Atlantic Corp., the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" standard. Bell Atl. Corp., 127 S. Ct. at 1969. As interpreted by the Second Circuit, Bell Atlantic Corp. did not announce a "universal standard of heightened fact pleading, but ...instead require[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The question is whether the pleading alleges "'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp., 127 S. Ct. at 1974).

**Plaintiff's Causes of Action for Trademark Infringement and/or Unfair Competition is Plausible**

Plaintiff's cause of action plausibly states a claim for relief under the Lanham Act that extends to both registered and unregistered trademarks. Section 43(a)(1)(a) of the Lanham Act

provides a cause of action for a trademark holder against any person who misuses its trademark in a way that is "likely to cause confusion" to the buying public as to the origin, affiliation or sponsorship of the trademark holders product or service. 15 U.S.C. §1125(a).

The hallmark of infringement is the likelihood of confusion by the buying public between the plaintiff's goods or services and that of the defendant. See Fed Express Corp. v. Fed Espresso, Inc., 201 F.3d 1503, 1508-09 (2d Cir. 2007).

In the current action, Plaintiff not only claims a likelihood of confusion between Defendants' use of his trademarks, but claims "actual confusion." In the Complaint, Plaintiff stated he has experienced and will continue to experience confusion as to the source of the goods and/or the affiliation of connection between Plaintiff and Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc. resulting in the unjust enrichment of Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc. by using Plaintiff's trademarks. (Compl., ¶ 334.) Plaintiff also factually stated that Defendants LES Strong NYC and Laura Lopez's use of the aforementioned mark in connection with clothing infringes Plaintiff's LES NYC® trademark registration which is an acronym and abbreviation for the mark LOWER EAST SIDE NEW YORK CITY™. (Compl. ¶ 333). Plaintiff also factually stated that Defendants LES Strong NYC and Laura Sumampow Lopez has knowledge of Plaintiff's long standing ownership rights in the LOWER EAST SIDE™ and LES NYC® marks, (a fact that the aforementioned Defedants' have conceded to in their motion to dismiss). (Compl. ¶ 335.) Plaintiff also factually stated Defendants LES Strong NYC and Laura Sumampow Lopez were aware of Plaintiff's LES Clothing Co.™ flagship store and business of selling LOWER EAST SIDE™ and LES NYC® related apparel well before beginning to sell her LES STRONG NYC clothing which began in 2015 (a fact that the aforementioned Defendants' have conceded to in their motion to dismiss).

(Compl. ¶ 336). Plaintiff also factually stated that Defendants' LES Strong NYC and Laura Sumampow Lopez were aware of the popularity of Plaintiff's LOWER EAST SIDE™ and LES NYC® marks and was aware of Plaintiff's website and social media accounts (a fact that the aforementioned Defendants' conceded to in their motion to dismiss). (Compl. ¶ 337). Plaintiff also factually stated that Defendants' LES Strong NYC and Laura Sumampow Lopez have even utilized residents and customers of Plaintiff and his LES Clothing Co.™ business that plaintiff has utilized as models and in product advertisements and promotions of his LES Clothing Co.™ items to promote her own LES STRONG NYC clothing to deceive and confuse the public into believing that the products come from one and the same source. (Compl. ¶ 338). Plaintiff also factually stated that Defendants' LES Strong NYC and Laura Sumampow's acts of infringement have been willful and in blatant disregard for Plaintiff's ownership rights in the LOWER EAST SIDE™ and LES NYC® marks. (Compl. ¶ 339). Plaintiff has also factually stated that Defendants' LES Strong NYC and Laura Sumampow Lopez have attempted to free ride on the good will and reputation Plaintiff has built in the LOWER EAST SIDE™ and LES NYC® marks in connection with clothing. (Compl. ¶ 340).

On a motion to dismiss, the Court must accept the factual allegations in the complaint and may consider only whether the pleading plausible states a claim for relief. Igbal, 490 F.3d at 157-58. Here, the Complaint plausibly argues that consumers have already been confused as to the affiliation or source of the goods of Plaintiff with that of the Defendants' in connection with clothing products and that continued confusion is likely to occur. The Complaint also plausible states that Defendants' Laura Sumampow Lopez and LES Strong NYC were aware of Plaintiff's business of selling LOWER EAST SIDE™ and LES NYC® related apparel and further that the

aforementioned Defendants' were aware of Plaintiff's trademarks and ownership rights in the aforementioned trademarks.

In short, aside from the instances of actual confusion that have already occurred, it is plausible to believe that consumers who encounter the **LES STRONG NYC** mark can likely be confused with Plaintiff's clothing items under the **LOWER EAST SIDE™** and **LES NYC®** marks. The pleading alleges enough facts to state a claim for relief that is plausible on its face against Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.

Accordingly, the Fourth Amended Complaint has alleged sufficient facts to support trademark infringement and/or unfair competition claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court deny Defendants' Laura Sumampow Lopez and LES Strong NYC, Inc.'s Motion to Dismiss and that this Court impose Rule 11 Sanctions against attorney Abraham Lichy for submitting a pleading to this Court known to contain false and misleading arguments in an effort to deceive Your Honor and for such other further relief that this Court deems appropriate.

Dated: August 24, 2018
New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. 11C
New York, New York 10002
(917) 868-1698