IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>BONANZA.COM INC., et al,<br><br>        Defendants. | Civil Action<br>File No. 17-CV-8493 (LAP) |

# EXPRESS FASHION OPERATIONS, LLC'S REPLY MEMORANDUM
# IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Staci J. Riordan (*admitted pro hac vice*)
Kristin M. Jamberdino (KJ 2588)
NIXON PEABODY LLP
Tower 46
55 West 46th Street
New York, New York 10036
Telephone: (212) 940-3000
Facsimile:  (212) 940-3111
sriordan@nixonpeabody.com
kjamberdino@nixonpeabody.com

*Attorneys for Defendant EXPRESS FASHION OPERATIONS, LLC*


## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

I.     *IQBAL* AND *TWOMBLY* GOVERN THE PLEADINGS OF A *PRO SE* PLAINTIFF .................................................................................................................. 2

II.    THE FAC FAILS TO STATE A CLAIM, SO IT MUST BE DISMISSED ...................... 3

        A.    The FAC Must Be Dismissed Because Lopez Did Not Own a Federal Trademark at the Time of the Alleged Infringement .............................................. 5

        B.    The FAC Must Be Dismissed Because Lopez Did Not Own a State Trademark at the Time of the Alleged Infringement .............................................. 5

        C.    Purported Assertions of Actual Confusion Do Not Defeat Express' Grounds for Dismissal ..................................................................................... 6

III.   FAIR USE BARS THE FAC, SO DISMISSAL IS WARRANTED ................................ 7

CONCLUSION ............................................................................................................................ 8

## **TABLE OF AUTHORITIES**

Page(s)

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................3

*AT&T Corp. v. Syniverse Techs., Inc.*,
  No. 12 Civ. 1812(NRB), 2014 WL 4412392 (S.D.N.Y. Sep. 8, 2014) .....................................2

*Bank of New York Mellon Trust Co. v. Morgan Stanley Capital, Inc.*,
  No. 11 Civ. 0505, 2011 WL 2610661 (S.D.N.Y. June 27, 2011) .............................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................3

*Cortec Industries, Inc. v. Sum Holdings L.P.*,
  949 F.2d 42 (2d Cir. 1991) ........................................................................................................4

*Cosmetically Sealed Industries, Inc. v. Chesebrough-Pond's USA Co.*,
  125 F.3d 28 (2d Cir 1997) .........................................................................................................7

*Dawkins v. Gonyea*,
  646 F. Supp. 2d 594 (S.D.N.Y. 2009) .......................................................................................2

*Desert Beauty, Inc. v. Fox*,
  568 F. Supp. 2d 416 (S.D.N.Y 2008) ........................................................................................7

*Jackson v. NYS Dept. of Labor*,
  709 F. Supp. 2d 218 (S.D.N.Y. 2010) .......................................................................................2

*JBCHoldings NY LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y 2013) ........................................................................................7

*KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*,
  543 U.S. 111 (2004) ..................................................................................................................7

*Lopez v. Gap, Inc.*,
  883 F. Supp. 2d 400 (S.D.N.Y. 2012) ................................................................................... 5, 6

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*,
  378 F. Supp. 2d 448 (S.D.N.Y. 2005) ................................................................................... 5, 6

*Morningside Grp. Ltd. v. Morningside Capital Grp., LLC*,
  182 F.3d 133 (2d Cir. 1999) ......................................................................................................6

*Naked Cowboy v. CBS*,
  844 F. Supp. 2d 510 (S.D.N.Y. 2013) .......................................................................................7

*Pearson Educ., Inc. v. Boundless Learning, Inc.*,
  919 F. Supp. 2d 434 (S.D.N.Y. 2013) ................................................................................6

*Prof'l Sound Servs., Inc. v. Guzzi*,
  349 F. Supp. 2d 722 (S.D.N.Y. 2004) ................................................................................6

*Prof'l Sound Servs., Inc. v. Guzzi*,
  159 F. App'x 270 (2d. Cir. 2005) ......................................................................................6

*In re UBS Ag Sec. Litig.*,
  No. 07 Civ. 11225(RJS), 2012 WL 4471265 (S.D.N.Y. Sep. 28, 2012) .................................2

*Vapor Spot, LLC v. Breathe Vape Spot, Inc.*,
  No. CV 15-02110 MMM, 2015 WL 12839123 (C.D. Cal. Sept. 15, 2015) ............................6

*W. Bulk Carriers KS v. Centauri Shipping Ltd.*,
  No. 11 Civ. 5952(RJS), 2013 WL 1385212 (S.D.N.Y. Mar. 11, 2013) ..................................2

*Weican Meng v. Xinhuanet Co., Ltd.*,
  No. 16 Civ. 6127 (ER), 2017 WL 3175609 (S.D.N.Y. July 25, 2017) ....................................2

**Statutes and Regulations**

15 U.S.C. § 1125(a) ..............................................................................................................6

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1, 2

Fed. R. Civ. P. 12(e) ............................................................................................................6

## INTRODUCTION

Unmeritorious actions should not clog up the courts.  The claims against Express Fashion Operations, LLC ("Express") – as stated in Plaintiff Robert G. Lopez's ("Lopez" or "Plaintiff") ***Fourth*** Amended Complaint ("FAC") (ECF No. 214) – are baseless and should be dismissed. Express moved to dismiss the FAC on a variety of grounds (*see* ECF No. 342) ("Motion" or "Moving Papers"), including that:

- The claims are barred by the statute of limitations, as the accused design was sold in 2006 (Mot. at 9-10);

- No claim for infringement can be brought, because Plaintiff did not own a valid trademark at the time of the alleged 2006 infringement (*id.* at 11);

- No facts were plead to support any infringement other than the 2006 Griffin Shirt (*id.* at 12); and

- Fair use is a complete defense to the claims in the FAC (*id.* at 12-14).

In the alternative, Express requested judgment on the pleadings (*id.* at 15), or that Plaintiff be compelled to submit a more definite pleading to give Express adequate knowledge of the asserted claims (*id.* at 14-15).

In his response, Plaintiff opposed only the portion of Express' Motion based on Rule 12(b)(6).  *See* Plaintiff's Memorandum of Law in Opposition of Defendant Express Fashion Operations LLC's Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Opposition"), ECF No. 392. Plaintiff chose not to oppose the portion of the Motion seeking dismissal based on

1

the statute of limitations, or the alternative requests for a more definite statement or judgment on the pleadings.[1]

In truth, Plaintiff has no valid opposition to the Motion, and for the reasons set forth below and in its opening memorandum of law, Express respectfully requests that its motion to dismiss be granted.

## ARGUMENT

**I.**  *IQBAL* **AND** *TWOMBLY* **GOVERN THE PLEADINGS OF A** *PRO SE* **PLAINTIFF**

Lopez agrees that his pleadings "'must contain factual allegations sufficient to raise a right to relief above the speculative level.'" Opp. at 4 (quoting *Dawkins v. Gonyea,* 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009)). This is consistent with governing law: pleading requirements under Rule 12(b)(6) are the same for a *pro se* plaintiff as they are for a represented plaintiff. *Weican Meng v. Xinhuanet Co., Ltd.*, No. 16 Civ. 6127 (ER), 2017 WL 3175609, at *2 (S.D.N.Y. July 25, 2017) (granting motion to dismiss with prejudice a complaint alleging unfair and deceptive competition, noting "[t]he same standard applies to motions to dismiss for *pro se* plaintiffs"); *see also Jackson v. NYS Dept. of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), *appeal dismissed*, 431 Fed. Appx. 21 (2d Cir. 2011) ("even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise

---

[1] Since only the 12(b)(6) portion of Express' motion was opposed by Lopez, the other grounds on which Express moved are deemed conceded. *See AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812(NRB), 2014 WL 4412392, at *7 (S.D.N.Y. Sep. 8, 2014) (failure to address an issue in an opposition brief "concedes the point"); *W. Bulk Carriers KS v. Centauri Shipping Ltd.*, No. 11 Civ. 5952(RJS), 2013 WL 1385212, at *3 (S.D.N.Y. Mar. 11, 2013) (same); *In re UBS Ag Sec. Litig.*, No. 07 Civ. 11225(RJS), 2012 WL 4471265, at *21 n. 19 (S.D.N.Y. Sep. 28, 2012) (same). Accordingly, to preserve judicial economy, those grounds are not repeated herein, but are incorporated by reference from the Moving Papers. *See* ECF No. 342 at 9-15.

a 'right to relief above the speculative level'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("*Twombly*")).

But contrary to these undisputed and well-established pleading requirements, the FAC is devoid of facts supporting any of the purported claims against Express. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("*Iqbal*"); *Twombly*, 550 U.S. at 555. Instead, the FAC merely contains legal conclusions and/or repeats the elements of the asserted causes of action. This is not sufficient. *Twombly*, 550 U.S. at 545 (without sufficient facts, "labels and conclusions, and a formulaic recitation [of a claim's elements]" will not support a claim for relief); *Iqbal*, 556 U.S. at 679 (a court should assume the factual allegations as true but should not assume the truth of legal conclusions).

Lopez is a sophisticated, serial plaintiff. The basic facts needed to support his case – facts which identify the accused products, describe when and where the products were purchased, and state the details of any confusion – should all be in Plaintiff's possession prior to filing suit, let alone by the time he filed his **Fourth** Amended Complaint. Here, the facts are not included in the FAC, either because Lopez is withholding them, or because such facts do not exist. Either way, the FAC is fatally deficient and must therefore be dismissed with prejudice.

## II. THE FAC FAILS TO STATE A CLAIM, SO IT MUST BE DISMISSED

It has been nearly a year since Plaintiff filed against Express. *See* FAC, ECF No. 214. In that time, Lopez has identified only a single item by Express (the "Griffin Shirt") that allegedly supports his claims:

3



*See* Mot. at 8; *see also* Declaration of Staci Riordan in Support of Defendant Express Fashion Operation LLC's Motion to Dismiss ("Riordan Dec."), ECF No 344, at ¶ 5.[2]  This shirt was in stores in 2006.  *See* Declaration of Paul Schwartzberg in Support of Defendant Express Fashion Operations LLC's Motion to Dismiss ("Schwartzberg Dec."), ECF No. 343, at ¶¶ 9-11.

Since Lopez did not oppose or otherwise object to Express' request that the Court rely on the above image in undertaking its analysis (Mot. at 8),[3] Lopez has conceded to Express' request.[4]

---

[2]   In the Opposition, as in the FAC, Plaintiff alleges no facts to support any allegation that Express infringed on Lopez's LES NYC mark – nor could he. Accordingly, all of Plaintiff's claims in connection with the mark LES NYC must be dismissed with prejudice.

[3]   As discussed extensively in Express' Moving Papers, as well as by defendant Levi Strauss & Co., it is proper for the Court to rely on the above image when deciding a motion to dismiss. *See e.g.*, Mot. at 8; Memorandum of Law in Support of Defendant Levi Strauss & Co.'s Motion to Dismiss, ECF No. 315, at 4-5; *see also Bank of New York Mellon Trust Co. v. Morgan Stanley Capital, Inc.*, No. 11 Civ. 0505, 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011); *Cortec Industries, Inc. v. Sum Holdings L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

[4]   *See* Footnote 1, *supra*; Additionally, in his Opposition, Lopez did not contend that there are any other products at issue besides the Griffin Shirt.  *See, generally*, Opposition.

4

### A. The FAC Must Be Dismissed Because Lopez Did Not Own a Federal Trademark at the Time of the Alleged Infringement.

In its Motion, Express argued that Lopez did not own a registered or unregistered federal trademark in the phrase "Lower East Side." Mot. at 11. In his Opposition, Lopez reiterates his contention – without support – that the Payless Shoe Source Worldwide, Inc. ("Payless") trademark for shoes somehow gives him standing to assert a registered trademark claim under the Lanham Act. *See, e.g.*, Opp. at 2 fn. 1, 10-11. As many other defendants have explained, Lopez's argument is wholly without merit.[5]

In addition, Express argued that Lopez does not own a common law federal trademark in the phrase "Lower East Side" based on the ruling in *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400, 424-29 (S.D.N.Y. 2012) ("*Gap*"). Mot. at 11-12. In *Gap*, the district court found that since Lopez failed to establish that "Lower East Side" had secondary meaning, Lopez could not hold a common law trademark in that phrase, at least as of 2011. *Lopez*, 883 F. Supp. 2d at 424-29. In his Opposition, Lopez ignored both the *Gap* ruling and the fact that Express' use predates any of Lopez's potential putative rights.

Accordingly, Count I and Count II must be dismissed, since Lopez lacked a valid trademark in 2006 when Express used the phrase "Lower East Side" on its Griffin Shirt.

### B. The FAC Must Be Dismissed Because Lopez Did Not Own a State Trademark at the Time of the Alleged Infringement.

Because Lopez cannot state a claim for a federal trademark violation, since he had no trademark at the time Express sold the Griffin Shirt, his state law claims similarly fail. *Lorillard*

---

[5] Numerous other defendants have explained why the Payless trademark for LOWER EAST SIDE contained in the FAC (*see* ¶ 63), Registration No. 2,416,437, cannot support Count I or Count II. Those arguments are incorporated by reference herein to promote judicial economy. *See, e.g.,* ECF Nos. 169 at 3; 318 at 8-9; 389 at 7 n.1.

*Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005); *Lopez v. Gap, Inc.*, 883 F. Supp. 2d at 430.  Accordingly, Count III and Count IV must be dismissed with prejudice.[6]

        **C.**        **Purported Assertions of Actual Confusion Do Not Defeat Express' Grounds for Dismissal.**

The Opposition seems to argue that the FAC contains factual allegations about actual confusion in connection with the Griffin Shirt.  *See* Opp. at 6.  Not only are such facts absent in the FAC as to Express, but the question of confusion is irrelevant to Express' contention that Lopez does not own a valid trademark, which is a prerequisite for bringing any of the claims in the FAC.[7] 15 U.S.C. § 1125(a); *Morningside Grp. Ltd. v. Morningside Capital Grp., LLC*, 182 F.3d 133, 137 (2d Cir. 1999) (ownership of valid trademark required for trademark infringement claims); *Prof'l Sound Servs., Inc. v. Guzzi*, 349 F. Supp. 2d 722, 730 (S.D.N.Y. 2004), *aff'd*, 159 F. App'x 270 (2d Cir. 2005) ("To succeed on a false designation claim under § 1125(a), plaintiff must demonstrate (1) it holds a valid trademark entitled to protection . . ."); *Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434, 436 (S.D.N.Y. 2013) ("A plaintiff claiming unfair competition under § 43(a) based on infringement of an unregistered mark must show that it owns a valid trademark eligible for protection"); *Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, No. CV 15-02110 MMM, 2015 WL 12839123, at *12 (C.D. Cal. Sept. 15, 2015) (courts need not accept as true a conclusory allegation of actual confusion, "especially one which simply tracks the language of one of the relevant factors to be considered in assessing likelihood of confusion").

---

[6]    The state law claims in the FAC in connection with LES NYC similarly fail.  *See* Footnote 2, *supra*.

[7]    Actual confusion is similarly irrelevant to the other grounds in the Moving Papers, including, *inter alia*, that the statute of limitations bars the FAC, that judgment on the pleadings in favor of Express is warranted, and that Express is entitled to a more definite statement pursuant to Rule 12(e). *See* Mot. at 9, 14-15.

Because Plaintiff did not have a trademark at the time Express sold the Griffin Shirt, any alleged confusion, even if true, is irrelevant.

**III.     FAIR USE BARS THE FAC, SO DISMISSAL IS WARRANTED**

It is proper for the Court to dismiss based on fair use when the alleged conduct is fair use as a matter of law.[8]  *JBCHoldings NY LLC v. Pakter*, 931 F. Supp. 2d 514, 530 (S.D.N.Y 2013); *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 515-16 (S.D.N.Y. 2013).

Here, it is undisputed – and indisputable – that the Lower East Side is a well-known area of New York City.  It is also undisputed that Express owns the Griffin mark, Registration Number 3,090,209 (the "Griffin Mark"), and that the Griffin Mark is incontestable.  ECF No. 344, Riordan Dec. at ¶¶ 2 & 3, Ex A.  It is further undisputed that the Griffin Shirt contains the word mark Express[9] and could only be purchased in Express stores with Express hangtags.

The Lanham Act was not meant to deprive commercial speakers of the ordinary use of descriptive words.  *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121-22 (2004); *Cosmetically Sealed Industries, Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir 1997).  Thus, a finding of fair use is proper even if there are words or phrases on the alleged infringing product if the alleged infringing product also contains a conspicuously visible trademark of the defendant.  *See Desert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 424 (S.D.N.Y 2008); *see also Cosmetically Sealed Industries, Inc.*, 125 F.3d at 30 (prominent display of defendant's own mark on an accused product supports fair use of alleged infringing phrase as well as defendant's

---

[8]     Lopez did not substantively oppose Express' fair use argument, but instead argued that this Court lacks authority to grant a motion to dismiss on fair use grounds.  *See* Opp. at 12.  Lopez is clearly incorrect.

[9]     Express owns valid, word trademarks in class 25 with Registration Numbers 1,120,073; 2,290,570; and 2,484,122. ECF No. 343, Schwartzberg Dec. at ¶ 4.

7

good faith).  This is especially true when the alleged infringing mark is common and merely descriptive of a geographic location, such as "Lower East Side."

Accordingly, Express requests that the Court dismiss the FAC with prejudice under the principle of "fair use."

## CONCLUSION

For the reasons set forth above, and in its initial memorandum of law in support of its motion to dismiss, Express respectfully requests that all claims against it be dismissed with prejudice.  In the alternative, Express requests that the Court grant judgment on the pleadings in favor of Express, or require Lopez to file a more definite statement of his pleadings against Express.

Dated: New York, New York
April 15, 2019

**NIXON PEABODY LLP**

/s/ Staci Riordan
Staci Riordan
Kristin M. Jamberdino
Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, New York 10036
Tel.: 212-940-3000
Fax: 212-940-3111
sriordan@nixonpeabody.com
kjamberdino@nixonpeabody.com

*Attorneys for EXPRESS FASHION OPERATIONS, LLC*